## DAMAGES FOR FLAGRANT INVASION OF A HOME.

Court of Appeals for Hamilton County.

SPEAR & COMPANY v. JENNIE FULTON.*

Decided, February, 1914.

*Agents of an Installment House—Invade a Home and Take Away Household Furniture to Which They Had No Claim—Damages as Fixed by a Jury and Subsequently Reduced by the Court—Charge to the Jury.*

1. Where the evidence clearly discloses that a flagrant outrage was committed upon the plaintiff by agents and employees of the defendant, a judgment in favor of the plaintiff will not be disturbed because of emphatic language in the charge to the jury with reference to the wrong committed, there being no error of law in the charge as given.

2. The trial judge having declined to make a finding to the effect that his reason for granting a remittitur was a belief that the jury were influenced by passion and prejudice in fixing the amount of damages to be recovered, a reviewing court will not supply such a finding and bring it into the record.

*Johnson & Levy* and *Philip & S. C. Roettinger,* for plaintiff in error.

*H. C. Bolsinger* and *Louis Pink,* contra.

JONES (Oliver B.), J.; SWING, J., and JONES (E. H.), J., concur.

Plaintiff in error, who was the defendant below, is a corporation selling furniture on the installment plan in Cincinnati. The defendant in error, Jennie Fulton, was at the time of the damage complained of living with her daughter, a young girl, in two rooms at No. 718 West Fifth street. She was then employed as a domestic at the Indiana Hotel, and generally left

---

*Affirming *Fulton* v. *Spear & Co.,* 13 N.P.(N.S.), 473; Court of Appeals affirmed by the Supreme Court without opinion, *Spear & Co.* v. *Fulton,* 90 Ohio State.

for her work at 6:30 A. M., returning about 9:30 P. M. She had never had any business dealings with Spear & Company, but it appears that the rooms she then occupied had formerly been the home of a Mrs. Stevens, who had bought furniture from Spear & Company, and owed that company money on account of same. It appears that a card or cards had been placed under the door of Mrs. Fulton's rooms asking Mrs. Stevens to call at the office of Spear & Company and pay for her furniture, and there is evidence tending to show that Mrs. Fulton telephoned to Spear & Company asking them to desist sending such notices and stating that Mrs. Stevens was no longer there. There is also evidence tending to show that agents of the company made inquiries of neighbors in the building and were told that Mrs. Stevens no longer lived there.

It appears that agents of the company, on November 22, called at Mrs. Fulton's room, while she was lying sick in bed, knocked at the door and made efforts to push open or break in her door and effect an entrance, using violent and absuive language, but being unable to do so left; and that on November 23, 1910, two of the company's employees again called at Mrs. Fulton's residence about 7:30 A. M., and after some objections were permitted to enter in order to look at the furniture to show them that it had not come from Spear & Company; that they did look at it and discovered that none of it bore the marks of Spear & Co., but that it was marked with the names of other dealers, satisfying them that it was not the property of Spear & Co. After this investigation the men left for the purpose of reporting to the office of Spear & Co. and asking for instructions; later they returned stating that they had telephoned Spear & Co. and had been instructed to bring in the goods. Thereupon over the protest of Mrs. Fulton, the goods were taken from her home and conveyed to the warehouse of Spear & Co.; clothing was taken out of the dresser and thrown upon the floor, and Mrs. Fulton was compelled to get up out of the bed and dress and go out into the rain to the office of Spear & Co. to demand the return of her goods. After being satisfied of their mistake Spear &

Co. returned the goods, which consisted of bedroom furniture and which were returned wet and damaged by exposure. At the time of this occurrence, Mrs. Fulton was suffering with tuberculosis and was confined to her rooms. Her experience and the exposure of her trip aggravated her case, confining her to her bed for a period of eleven weeks; and she claims that she suffered humiliation in the eyes and estimation of her neighbors.

On submission to the jury a verdict of $3,500 was rendered. The court found this to be excessive, and with the consent of plaintiff a remittitur of $1,500 was entered and a judgment given for $2,000.

Proceedings in error are prosecuted here. The points of error chiefly relied upon are: first, that the court erred in its charge to the jury; second, that the court erred in entering a judgment in favor of the plaintiff for the amount of the verict as reduced by the remittitur.

While some of the language of the charge used by the court in defining the right of plaintiff in regard to the privacy and security of her home and her household property therein and its freedom from intrusion and molestation of defendant might be deemed somewhat oratorical in form, her legal rights are clearly and correctly stated, and at the same time defendant has not been prejudiced by anything unwarranted, and its rights duly guarded. The flagrant nature of the outrage perpetrated upon the plaintiff in taking away her bedroom furniture, notwithstanding her protest, after defendant's agents had found the stencil marks of other dealers thereon and thus satisfied themselves that the company had no claims upon it, justified the use of emphatic language.

It is claimed that the court below found that an excessive verdict had been reached by the jury under the influence of passion or prejudice and that therefore it was erroneous for the court to enter a judgment after ordering a remittitur, and that the whole verdict was vitiated by this finding of passion and prejudice and should have been set aside and a new trial ordered. A copy of the opinion of the court in overruling the motion for

a new trial is printed with the brief of the plaintiff in error to justify this claim. Counsel however expressly set out on page 20 of their brief that the trial court was most urgently requested by them to insert in the judgment entry as the reason why he granted the remittitur, that the jury was swayed by passion or prejudice, but that he absolutely refused to do so. The court below having declined, on defendant's request, to make such finding, we can not now supply it and bring it into the record merely because of the language used by the court in its opinion and not carried into the judgment.

The remittitur made by the court below with plaintiff's consent was properly made and was within the power of the court. *Carl* v. *Pierce*, 20 C. C., 68, 72; *Wabash Ry.* v. *Fox*, 20 C. C., 440; *American Contracting Co.* v. *Sammon*, 6 C.C.(N.S.), 130; *Pendleton St. R. R. Co.* v. *Rahmann*, 22 O. S., 446, 450.

Other errors are complained of, but a careful review of the record fails to show any prejudicial errors as against the plaintiff in error and the judgment is therefore affirmed.