THE CLEVELAND RAILWAY CO. *v.* BURIANEK.

*New trial or remittitur — Court may order, when — Excessive verdict — Passion and prejudice — Presumptions by reviewing court.*

1. Where a verdict is not a matter of computation, but of opinion, if such verdict is excessive and appears to have been given under the influence of passion or prejudice, a new trial should be granted; but where such verdict, though excessive, is not the result of passion or prejudice, the party against whom the verdict is rendered can not be heard to complain if the trial court, with the consent of the party in whose favor the verdict is rendered, reduces the amount of the verdict and renders judgment for a less amount.

2. Where the plaintiff's right to recover is fully and clearly established and the trial court expressly finds that an excessive verdict was not the result of passion or prejudice, and it appears that such verdict was purged of its excessive character by a remittitur in the trial court, and there is no evidence from which such unworthy influence might be reasonably inferred, except the amount of the verdict, a reviewing court will indulge every presumption in favor of the finding of the trial court and will not reverse such finding, unless the verdict was so large and disproportionate to the injuries as to shock all sense of proportion.

(Decided July 7, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Messrs. Payer, Winch, Minshall & Karch,* for defendant in error.

WASHBURN, J. Defendant in error, Charles Burianek, sued the plaintiff in error, The Cleveland Railway Company, for injuries suffered by him while a passenger upon one of the cars of the company, which was derailed and came into collision with another car under circumstances which fully warranted the jury in finding that the company was liable for whatever injuries were received by said Burianek in said derailment and collision.

The verdict was for $27,000.

The trial court found the verdict to be excessive, but expressly found that the jury was not influenced by passion or prejudice, and, upon a remittitur being entered by Burianek in the sum of $12,000, the motion for new trial filed by the company was overruled and a judgment rendered for the sum of $15,000.

It is urged that the trial court should have granted a new trial, and committed error in not doing so. This is the chief error relied upon, and we do not deem it necessary to say anything in reference to the other alleged errors complained of, except that we find that the case was fairly submitted to the jury, that the charge considered as a whole was free from error, and that the facts fully justified a finding of liability on the part of the company.

In cases of this kind where the verdict is not a matter of computation, but of opinion, we take it to be settled in this state that if the verdict was materially excessive, and appeared to have been given under the influence of passion or prejudice, the trial court was without power to substitute its

opinion for that of the jury, and enter judgment thereon,. and in that event it should have granted the motion of the company for a new trial.

Under our statute the presence and influence of passion or prejudice, in producing an excessive verdict, vitiates the verdict as a whole, and the court can not validate or save any part of it against the objection of either party.

If, however, the verdict, though excessive, was not the result of passion or prejudice, the party against whom the verdict was rendered can not complain if the trial court, with the consent of the party in whose favor the verdict was rendered, reduces the amount of the verdict and renders a judgment for a less amount.

Indeed, in such a case, where no passion or prejudice appears, but where in the opinion of the trial court the verdict is materially excessive, the court, in the exercise of a sound discretion, may make a remittitur of the excess a condition for refusing a new trial. *Pendleton Street Railroad Co.* v. *Rahmann,* 22 Ohio St.; 446. See also *Brenzinger* v. *American Ex. Bank,* 19 C.. C., 536, 540, and *Carl* v. *Pierce,* 20 C. C., 68.

This right of the trial court to make a remittitur a condition for refusing a new trial, which is established by *Street Railroad Co.* v. *Rahmann, supra,* was recently approved by the supreme court in *Ohio Traction Co.* v. *Shearer,* 97 Ohio St., 332, the record. and briefs of which we have examined, in which case the court exercised such discretion, and the supreme court affirmed the judgment on authority of *Street Railroad Co.* v. *Rahmann, supra.*

This rule which we regard as established by authority is supported by principle: the trial judge is not a mere umpire; he is charged with the duty of seeing that justice is administered, and he should not be required to render judgment for an amount which is plainly and materially excessive merely because he does not find that the verdict was inspired by the unworthy motives of passion or prejudice. He is called upon to exercise a sound discretion, but his granting a new trial is not a final determination of the rights of the parties; he renders no judgment, but finding that the trial has plainly resulted in a palpable miscarriage of justice, he orders that another trial be had. There was a time when the defeated party was given a second trial as a matter of right, but now, except for those causes for which the trial court is required by statute to grant a new trial, the matter is governed by the sound discretion of the trial judge, and his action in granting a new trial is not reviewable by the higher courts. *Conord* v. *Runnels*, 23 Ohio St., 601, and *Smith* v. *Board of Ed. of Bucyrus*, 27 Ohio St., 44. See also *Brenzinger* v. *American Ex. Bank*, 66 Ohio St., 242.

The statutes set forth certain causes for which the trial judge *must* grant a new trial, and if a statutory ground for a new trial exists and the trial judge fails to grant a new trial his action may be reviewed and his error corrected by the higher courts. If an excessive verdict is caused by passion or prejudice, he *must* grant a new trial; but if no passion or prejudice exists, but the verdict is plainly, unmistakably and materially excessive, he *may* grant a new trial if the prevailing party re-

fuses to make a proper remittitur. This does not mean that a trial judge should act arbitrarily: he should recognize, of course, that individual opinions are eccentric and uncertain; that the money value of personal wrongs can have no exact standard of measurement; and that when measured by the opinion of a jury public policy demands that such verdict be not disturbed unless it is plainly and unmistakably excessive or some statutory ground for a new trial exists.

This discretionary power vested in the trial judge, not to substitute his opinion for that of a jury and render final judgment, but merely preserving all of the rights of the parties to require them to retrace their steps in the same court, is recognized as an inherent power vested in him because of his knowledge, experience, and training, and his intimate familiarity with every phase of the trial, he having the opportunity of seeing the injured party and the witnesses and hearing them testify and being in the best possible position to form an opinion in the light of his experience and knowledge, which includes a knowledge of the opinions of other jurors in similar cases.

After the trial judge has exercised this discretion and refused a new trial and entered judgment, the power of the reviewing court over that judgment, in cases of this character, is controlled by the *Constitution.* The reviewing court not having the opportunity of seeing the parties and witnesses and hearing them testify, and of knowing all the incidents of the trial known to the trial judge, but which can not be spread upon the record and exhibited to the reviewing court, in order to reverse

the trial court on the ground that the verdict was excessive must find that the verdict was not only excessive but that it appears to have been given under the influence of passion or prejudice. We can not reverse merely because the verdict is, or before remittitur was, excessive, nor does the excessiveness of the verdict, in this class of cases, authorize this court to modify the judgment or make a remittitur a condition of an affirmance of the judgment. In a recent case, *The Toledo Railways & Light Co.* v. *Paulin,* 93 Ohio St., 396, our supreme court, having in mind that this is a reviewing court, which acts upon a printed record without the opportunity of the trial court and jury to see the witnesses and hear them testify, and not in a position to judge of their credibility, held that we could not substitute our judgment for that of the jury. The law on the subject is stated in that case, at page 400, as follows:

"If the court of appeals from an examination of the printed record may weigh the evidence, which involves also the determination of the credibility of the various witnesses, and therefrom reach a conclusion as to the nature and extent of the injuries suffered by plaintiff and fix the amount of money which, in its opinion, will reasonably compensate him for his loss, the court will have usurped the functions of the jury. Time and money will have been uselessly expended in trying the case to the jury if these controlling questions of fact are not to be there settled but are to be considered and determined by the *reviewing* court.

"Under the provisions of the constitution cited in the entry of the court of appeals a judgment can

not be reversed upon the weight of the evidence except by the concurrence of all the judges, and in that event the case must be remanded for a new trial. Though all the judges concur in a finding that a verdict is against the weight of the evidence, the reviewing court is not authorized to render final judgment, nor is it authorized, from a consideration of the weight of the evidence, to enter a judgment different in amount from the judgment reviewed.

"If the verdict is found to be excessive, appearing to have been induced by passion or prejudice, it is the duty of the reviewing court to reverse and remand for a new trial. The province of the jury is invaded if, instead of so doing, the judges of the reviewing court substitute their own verdict for the verdict of the jury. Surely there is manifested in the constitutional provision above cited no purpose to confer any power upon the reviewing court that would lead to such a result."

It does not necessarily follow, however, where a remittitur is *voluntarily* entered in this court, that we may not modify the judgment accordingly, and affirm the judgment as so modified, in case we do not find that the verdict was the result of passion or prejudice.

In the case at bar the trial court expressly found that the verdict was not influenced by passion or prejudice, and therefore the sole question for us to determine is whether or not the court erred in so finding. If the court did err in so finding, then the case must be reversed. The record does not disclose anything occurring at the trial which indicated or was calculated to excite passion or

prejudice, but the claim is made that passion or prejudice is inferable from the magnitude of the verdict alone, because upon a consideration of all the facts and circumstances the verdict of $27,000 can be accounted for rationally only as having been returned under the obnoxious motives mentioned.

That the plaintiff below was seriously injured was not controverted by the evidence. Although he was examined by physicians for the company, said company offered no testimony whatever on the subject of injuries or damages, and this, together with the fact that the record discloses that there was an unfriendly feeling between some of the physicians who testified for the plaintiff, justifies the inference that the plaintiff probably did not exaggerate his injuries or consequent damages.

Where the plaintiff's right to recover is fully and clearly established and the trial court expressly finds that an excessive verdict was not the result of passion or prejudice, and it appears that such verdict was purged of its excessive character by a remittitur in the trial court, and there is no evidence from which such unworthy influence might be reasonably inferred, except the amount of the verdict, a reviewing court will indulge every reasonable presumption in favor of the finding of the trial court and will not reverse such finding unless the verdict was so large and disproportionate to the injuries as to shock all sense of proportion and necessarily show the existence of such invalidating influence. *P., C., C. & St. L. Ry. Co.* v. *Sheets,* 15 C. C., N. S., 305, and *Spear & Co.* v. *Fulton,* 3 Ohio App., 40. See also *Douglas, Admr.,* v. *Day,* 28 Ohio St., 175.

From a consideration of the whole record, we find that while the verdict was large it was not so disproportionate to the injuries as to necessarily imply that it was the result of passion or prejudice, and we therefore find that it was not error for the trial judge to overrule the motion for a new trial, and that there was no abuse of discretion in the exercise of the power of the trial court which resulted in a reduction of the amount of the verdict.

*Judgment affirmed.*

DUNLAP, P. J., and VICKERY, J., concur.