MURRAY, PLAINTIFF-APPELLANT, v. CONSOLIDATION COAL COMPANY ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26492. Decided January 23, 1964.

*Messrs. Hahn & Swadey, Mr. Lad J. Roth,* for plaintiff-appellant.

*Messrs. Baker, Hostetler & Patterson,* for defendant-appellee, Consolidation Coal Company.

*Messrs. Baker, Hostetler & Patterson, Mr. Parker Orr,* for defendant-appellee, Fairmont Machinery Company.

*Messrs. McAfee, Hanning, Newcomer, Hazlett & Wheeler,*

*Mr. H. Vincent E. Mitchell, Mr. James M. Porter,* for defendant-Appellee, Cleveland Electric Illuminating Company.

*Messrs. Arter, Hadden, Wykoff & Van Duzer, Mr. Smith Warder,* for defendant-appellee, Martien Electric Company.

KOVACHY, P. J. This is an appeal on questions of law from the Court of Common Pleas of Cuyahoga County.

Plaintiff was injured as the result of a coal dust explosion in a drying plant owned and operated by the defendant, Consolidation Coal Company. The explosion occurred while the drying plant was being repaired by the Merts Company, an independent contractor for which the plaintiff worked at the time. The plant was not in operation at the time.

On motion, the trial court entered judgment in favor of defendants-appellees, Fairmont Machinery Company, Cleveland Electric Illuminating Company and Martien Electric Company, on plaintiff-appellant's opening statement and in favor of defendant-appellee, Consolidation Coal Company, at the close of plaintiff-appellant's testimony.

We affirm the judgment of the trial court with respect to the defendants, Fairmont Machinery Company, Cleveland Electric Illuminating Company and Martien Electric Company.

Hereafter, Consolidation Coal Company is referred to as defendant.

Plaintiff-appellant claims that the trial court erred in granting the motion of defendant for directed verdict at the close of plaintiff's evidence.

The Supreme Court of Ohio, in paragraph one of the syllabus of *Durham* v. *The Warner Elevator Mfg. Co.*, 166 Ohio St., 31, 139 N. E. (2d), 10, stated the following:

"1. In an action for damages grounded on negligence and tried before the court and a jury, a motion to direct a verdict for one of the parties requires that the evidence be construed most strongly in favor of the party against whom the motion

is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in disposing of such motion.''

Upon a careful reading of the bill of exceptions and construing the evidence contained therein most strongly in favor of the plaintiff, without weighing it or passing upon the credibility of the witnesses, we find substantial evidence to show that the Merts Company (hereafter referred to as ''Merts'') was employed by defendant to make repairs ''as per instructions of our Mr. Tom Durbin;'' that some of the repair work was necessary to correct damage caused by an explosion of coal dust in the drying plant system on April 2, 1958; that the plant was shut down to carry on these repairs on May 2, 1958; that Durbin was the General Superintendent for defendant and that he specified forty-five items of work; that during the course of Merts' work, Durbin continued general control over the plant but had no authority over the manner or the means by which Merts was to perform its work; that after the plant was shut down and before Merts undertook the repairs, the equipment for drying coal was run for forty-five minutes; that, despite such running of the equipment, a residue of coal dust remained; that Durbin was a former miner, understood the hazards of coal dust, and knew that a cloud of coal dust could be explosive and could be ignited by an acetylene torch, welding electrode, glowing coal particle, static electric spark, friction spark, or spontaneous combustion; that Merts started its repair and maintenance work on May 2, 1958; that the plaintiff was a structural ironworker and was sent to work for Merts by his union on May 2, 1958; that after working two days outside the plant he was sent inside to work on a conveyor; that the conveyor and general area were continuously cleaned by hosing with water; that his work indoors was to help a welder patch holes on the conveyor where coal dust had seeped through; that he would burn a patch, 3 x 4 inches in size, out of an iron plate with a torch; that he would carry the patch to the welder who would weld it over the hole; that he knew that coal dust would burn but did not know it was explosive; that he got no safety

instructions or warning from anyone about the potential dangers of coal dust; that he received no explanation as to the purpose of the plant or how it operated; that the drying plant was built to dry the coal which came to the plant as a slurry (crushed coal mixed with water); that the coal was crushed at Georgetown, Ohio, 108 miles away, mixed with water, and pumped through a pipe to the drying plant; that although repairs were still going on, Durbin ordered coal to arrive at the plant by 10:15 A. M. on May 6, 1958; that the employees of Merts were finishing their work on said morning; that the work of welding was continuing on the morning of May 6, 1958; that patches were being welded onto the conveyor with torches as usual; that the equipment was started that morning to check repairs; that the equipment was kept going "because so close to the time of the arrival of coal" from 8:20 to 9:00 A. M.; that the explosion occurred at 9:00 A. M.; that Wilson was the foreman of electricians who had authority to start the equipment; that the ignitors, fans and conveyors were running at the time of the explosion; that Durbin had been in the plant for an hour and was there with Wilson at the time of the explosion; that Durbin heard the equipment running and saw employees of Merts working on the conveyor and did nothing, although he had the right to stop the running of the equipment; that the plaintiff had just cut a patch with his torch and was on his way to the conveyor to fit the patch over the hole in the conveyor at the time of the explosion; that a sheet of flame shot out of the holes on the conveyor he was working on, striking him in the face and throwing him to the floor; that there was no cloud of coal dust outside of the conveyor; and that an explosion of coal dust occurred within the enclosed conveyor system on or near the third floor.

It is clear from the above that the plaintiff, while working in this drying plant, was an invitee of defendant and that defendant owed him the duty to maintain its premises in a reasonably safe condition, to warn him of the danger of an explosion from the coal dust in the equipment, and to exercise ordinary care to keep the premises as free from danger to him, while there employed, as the nature of the employment and the circumstances existing at the time would reasonably permit.

In paragraph one of the syllabus in the case of *Bosjnak* v. *Superior Sheet Steel Co.*, 145 Ohio St., 538, 62 N. E. (2d), 305, it is stated:

"1. An employee of an independent contractor, while engaged in the erection of a building upon premises, the possession and control of which are retained by the owner, is an invitee to whom the owner owes the duty of exercising ordinary care to maintain the premises in a reasonably safe condition for use in a manner consistent with the invitation, and to inform the invitee of hazardous conditions of the premises and of activities thereon unknown by and not obvious to the invitee."

See paragraph two of syllabus in *Joyce* v. *Union Carbide & Carbon Corp.*, 114 Ohio App., 51, 173 N. E. (2d), 692; *King* v. *Morrison Motor Freight Lines*, 11 Ohio App., 172, 171 N. E. (2d), 173.

Under the evidence as depicted above and the law applicable thereto, we believe that reasonable minds might reach differnt conclusions as to whether or not defendant was negligent (1) in subjecting plaintiff to an unreasonable risk of injury in case of an explosion of the coal dust remaining in the system by permitting equipment in the drying plant to run simultaneously with repair work continuing on the conveyors, (2) in failing to warn plaintiff of the danger of an explosion from the coal dust residue in the equipment, (3) in not informing plaintiff of the hazardous condition existing on the premises during his activities thereon, and whether or not any such negligence, if found, was a direct and proximate cause of the injuries suffered by the plaintiff.

In the case of *Botto* v. *Fischesser*, 174 Ohio St., 322, 189 N. E. (2d), 127, pertinent parts of paragraph one of the syllabus read as follows:

"1. Upon a motion for a directed verdict, the trial judge must construe the evidence most strongly in favor of the party against whom the motion is directed, and where there is evidence of a substantial nature to support his side of the case, upon which reasonable minds might reach different conclusions, the motion must be denied. * * *."

We, accordingly, conclude that the record discloses evidence of a substantial nature in support of plaintiff's case suf-

ficient to present a jury question and hold, therefore, that the trial court was in error in directing a verdict for defendant at the close of plaintiff's case. As a consequence, the judgment entered with respect to defendant is reversed as contrary to law and the cause is remanded to the Court Common Pleas for further proceedings according to law.

Judgment affirmed in part and reversed in part.

Exceptions. Order see journal.

SILBERT and CORRIGAN, JJ., concur.