**In re F. A. POTTS & COMPANY.**

**G.M.P. LAND COMPANY**

**v.**

**Frederick A. LARK, et al.**

**Civ. A. Nos. 82–1615, 82–1616.**

United States District Court,
E. D. Pennsylvania.

April 19, 1982.

**664**

Horace A. Stern, Wexler, Weisman, Forman & Shapiro, Philadelphia, Pa., for appellees.

## MEMORANDUM

GILES, District Judge.

Appellees move to dismiss these bankruptcy appeals for lack of appellate jurisdiction. For the reasons which follow, the motion is denied.

Appellees contend that this court lacks jurisdiction because the notices of appeal are untimely. The order appealed from was announced orally on March 1, 1982. Notices of appeal were filed on March 9th. The bankruptcy court entered its written order on March 15th. Appellees point out that a judgment must be set forth on a separate document. Bankruptcy Rule 921(a); *see* Fed.R.Civ.Pro. 58. They argue therefore that no appealable judgment existed until March 15th, and that no notice of appeal was filed "within 10 days of the date of the entry of the judgment or order appealed from." Bankruptcy Rule 802(a).

I agree that no appealable order existed prior to March 15th. *See, e.g., Gregson & Associates Architects v. Virgin Islands,* 675 F.2d 589 at 591–93 (3d Cir. 1982). I note, however, that "a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." Fed.R.App.Pro. 4(a)(2). Although the Federal Rules of Appellate Procedure do not in terms apply to appeals to the district court, *see* Fed.R.App. Pro. 1(a), the principles that they codify

should be used for guidance when the Bankruptcy Rules are silent. Rule 4(a)(2) "recognize[s] the practice," previously recognized in criminal cases, *see id.* 4(b), "designed to avoid the loss of the right to appeal by filing the notice of appeal prematurely." *Id.* 4(a)(2) advisory committee note of 1979, *reprinted in, e.g.,* 9 J. Moore, B. Ward & J. D. Lucas, *Moores' Federal Practice* ¶ 204.01[4], at 4–9 (2d ed. 1982); *see, e.g., Hodge v. Hodge,* 507 F.2d 87, 89 (3d Cir. 1975) (appellate court should hear appeal prematurely noticed, "[s]o long as the order is an appealable one and the non-appealing party is not prejudiced by the prematurity"); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3915, at 599–600 (1976 & Supp.1982); 16 *id.* § 3950 (Supp.1982).

No reason exists in this case for ignoring the principle of Fed.R.App.Pro. 4(a)(2).[1] Therefore, the notices of appeal are deemed filed on March 15th, after the filing of the order. Thus, the appeals are timely, and the motion is denied.

1. Appellee cites cases dealing with the need for a separately documented written order. These cases are inapposite because such an order exists here.