755 F.2d 359
 Fed. Sec. L. Rep. P 91,959
SECURITIES INVESTOR PROTECTION CORPORATION, Applicant,
Securities And Exchange Commission
v.
CHRISTIAN-PAINE & CO., INC., Carlton-Cambridge & Co., Inc.,
a/k/a Carlton-Cambridge, a/k/a Carlton-Cambridge,
a N.J. Corporation and George J. Santoriello.
Appeal of Christopher J. NICKOS.
 No. 84-5142.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 25, 1984.
Decided Feb. 28, 1985.
 
 Orloff, Lowenbach, Stifelman & Siegel, P.A.; Samuel Feldman (Argued), Roseland, N.J., for appellant, Christopher J. Nickos; Laurence B. Orloff, Roseland, N.J., of counsel.
 McCarter & English; Joseph E. Boury (Argued), Newark, N.J., for appellee, Irwin Weinberg, Trustee for the Liquidation of Christian-Paine & Co., Inc., a/k/a CarltonCambridge Co., Inc.; William H. Horton, Newark, N.J., of counsel.
 Before GIBBONS and BECKER, Circuit Judges and KATZ, District Judge*.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 Christopher J. Nickos appeals from an order, dated February 28, 1984, denying his motion to vacate an order, dated December 15, 1983, directing Nickos to appear for an oral deposition under oath, and to produce documents for an examination into his assets. The examination was sought by Irving Weinberg, the trustee appointed under the Securities Investor Protection Act of 1970 (SIPA), Pub.L. No. 91-598, 84 Stat. 1636, et seq., codified at 15 U.S.C. 78aaa et seq. (1976) (amended 1978), to liquidate two brokerage firms, Christian-Paine & Co., Inc. and Carlton-Cambridge & Co., Inc. Nickos contends that the district court lacked authority to enter the order compelling him to submit to such an examination. We affirm.
 
 I.
 Proceedings in the District Court
 
 2
 Nickos was a principal in the now defunct brokerage firms. He was charged with and convicted of securities fraud in connection with their operations, and was sentenced to 11 years in prison. Thereafter he was released on parole prior to the completion of that sentence.
 
 
 3
 In 1976 Mr. Weinberg, the SIPA trustee, sued Nickos and others in the Superior Court of New Jersey to recover assets misappropriated from the brokerage firms. That suit resulted in a judgment, dated February 2, 1978, against Nickos and others, jointly and severally, in the amount of $3,474,452.49. In his application for the order compelling Nickos to appear for examination, the SIPA trustee informed the district court that despite his collection efforts, he had been unable to satisfy the judgment. He further informed the court that Nickos had, upon his release from prison, returned to the securities business using what the trustee described as "a corporate front known as 'Falcon Sciences'." The trustee alleged that routine supplemental proceedings in the Superior Court of New Jersey to enforce the outstanding judgment would be time consuming, costly and non-productive. The trustee requested the court to enter a discovery order which could be enforced by civil or criminal contempt in the district court. The requested order was entered on December 15, 1983.
 
 
 4
 Nickos moved to vacate that order, urging that the trustee should be relegated to supplemental proceedings in state court under the New Jersey Court Rules. The district court denied Nickos' motion and directed him to appear on February 29, 1984, and submit to examination. Nickos filed a notice of appeal and applied to the district court and this court for a stay. Those applications were denied.
 
 
 5
 Nickos appeared on February 29, but refused to answer questions or produce documents, asserting the privilege against self-incrimination. So far as the record before us discloses, no further steps were taken in the district court to compel his testimony, and he has not yet submitted to examination.[1] On March 5, 1984, Nickos renewed a motion in this court to stay discovery. This motion was denied on March 20, 1984.
 
 II.
 Appellate Jurisdiction
 
 6
 The SIPA trustee contends that the appeal should be dismissed for lack of jurisdiction, because the order appealed from is interlocutory until such time as Nickos is adjudicated to be in contempt. The trustee relies on the rule of Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), that a witness resisting enforcement of a subpoena may not appeal an order directing testimony, but must first be adjudged to be in contempt. If Nickos' appeal depended upon 28 U.S.C. Sec. 1291 (1982), the Alexander rule would apply. In this case, however, appellate jurisdiction is found elsewhere.
 
 
 7
 Section 5(b)(2) of SIPA provides that "[u]pon the filing of an application pursuant to subsection (a)(2), the court to which application is made shall have ... the power ... of a court of bankruptcy and of a court in a proceeding under Chapter X of the Bankruptcy Act." 11 U.S.C. 7eee(b)(2) (1976). Since the Bankruptcy Act governs, section 24(a) of that Act applies.[2] Exchange National Bank of Chicago v. Wyatt, 517 F.2d 453, 460 (2d Cir.1975). That section provides that "[t]he United States court of appeals ... [is] hereby invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final...." 11 U.S.C. 47(a) (1976). This court has held that an order compelling the production of documents is a proceeding in bankruptcy, which under section 24(a) may be reviewed in an interlocutory appeal. In re Winton Shirt Corporation, 104 F.2d 777, 779 (3d Cir.1939). Similarly we have held that a district court's order directing a bankrupt's accountant to appear in order to allow a determination of the validity of a testimonial privilege claim was immediately appealable under Sec. 24(a). In re W.F. Breuss, Inc., 586 F.2d 983 (3d Cir.1978). See also Henry Ansbacher & Co. v. Klebanow, 362 F.2d 569, 570 (2d Cir.1966); Matter of Equitable Plan Company, 272 F.2d 158, 159 (2d Cir.1959).
 
 
 8
 Since we have appellate jurisdiction, we turn to the merits of Nickos' contention that the district court lacked authority to order his examination.
 
 III.
 The Merits
 
 9
 Nickos argues that the order was requested and issued solely to aid in enforcement of a state court judgment. The district court, denying his motion to vacate the discovery order, observed that:
 
 
 10
 it is well within the power of the Trustee here, whether you view the [A]ct [SIPA] to be before its amendment or after its amendment, to inquire and to require the discovery which is being undertaken. It is not being done as an adjunct to the state court action.
 
 
 11
 App. 171. Thus the court held, and we agree, that the trustee was acting pursuant to the general authority conferred upon him by SIPA.
 
 
 12
 Nickos urges, however, that SIPA conferred no authority on the trustee to conduct an examination about property in the hands of third parties. However, as noted in Part II above, the SIPA trustee has the powers of a trustee in bankruptcy or reorganization. Thus the district court has the requisite authority with respect to property in the hands of third parties conferred by section 23(a) and (b) of the Bankruptcy Act. 11 U.S.C. Sec. 46 (1976). Moreover, under section 6(b) of SIPA, the SIPA trustee has the duties of a trustee appointed under section 47 of the Bankruptcy Act, 11 U.S.C. Sec. 75 (1976). Under Sec. 47a(1) of the Act he is obliged to collect and reduce to money the property of the estate. 11 U.S.C. Sec. 75(a)(1) (1976). He may also rely on section 21(a) of the Bankruptcy Act, 11 U.S.C. Sec. 44(a) (1976), to examine persons with regard to the conduct or property of the bankrupt. Because he has the powers of a trustee in reorganization under section 167 of Chapter X of the Bankruptcy Act, he may examine the directors and officers of the debtor. 11 U.S.C. Sec. 567 (1976). Thus we hold that the district court had ample statutory authority to order the proposed examination. The availability of relief under the New Jersey Court Rules in no way limits that authority.
 
 
 13
 Nickos urges, finally, that it was an abuse of discretion for the trial judge to order his examination, since he was also the sentencing judge, and might threaten Nickos with revocation of his parole. The threat of a possible parole revocation proceeding appears to us no more coercive than the threat of civil or criminal contempt. We find no abuse of discretion.
 
 IV.
 Conclusion
 
 14
 We have appellate jurisdiction. The judgment appealed from was within the court's statutory authority, and its entry was not an abuse of discretion. It will, therefore, be affirmed.
 
 
 
 *
 Hon. Marvin Katz, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 It was represented at oral argument that Nickos has not been subjected to further coercion in the trial court because he is a fugitive. The trustee professes continuing interest in the examination if Nickos can be found
 
 
 [2]
 It should be noted that the SIPA trustee was appointed prior to the effective date of the Bankruptcy Reform Act, Pub.L. No. 95-598, 92 Stat. 2549 (1978), and prior to the 1978 amendments to SIPA. Thus we discuss only the earlier provisions