In re **MET–L–WOOD CORPORATION, Debtor.**

Bankruptcy Nos. 86 C 5490, 84 B 15506.

United States District Court,
N.D. of Illinois, E.D.

July 31, 1986.

---

Harvitt & Gekas, Ltd., Daniel A. Zazove, Towbin & Zazove, Ltd., Patricia Banks, Chicago, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Trustee Constantine John Gekas ("Trustee") has filed a notice of appeal from what Trustee describes as "the order of Judge Charles B. McCormick denying the Trustee's Application to Conduct an *In Camera* Examination of Debtor's Counsel under Bankruptcy Rule 2004, said order made orally on June 19, 1986, but not yet entered." Because the claimed appeal is ineffective, this matter is remanded to the Bankruptcy Court.

Trustee seeks leave to appeal pursuant to Bankruptcy Rule ("Rule") 8001(b).[1]

---

1. Though Trustee refers simply to Rule 8001 without indicating which of its provisions ap-

plies, the complained-of order is interlocutory

That Rule incorporates by reference the notice-of-appeal provisions of Rule 8001(a), which requires "filing a notice of appeal with the clerk of the bankruptcy court within the time allowed by Rule 8002." And in turn Rule 8002 says:

> The notice of appeal shall be filed with the clerk of the bankruptcy court within ten days of the date of the entry of the judgment, order, or decree appealed from.

Trustee's problem is that the complained-of order was never *entered*. That was true not only as of the date of Trustee's purported appeal but also as of the time of transmittal of the record to this District Court (this Court received, as part of the record, the Bankruptcy Court docket, containing entries through July 24—the date of Trustee's designation of the record here).

This precise problem was addressed by our Court of Appeals in *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47, (7th Cir.1986) (per curiam). *Stelpflug* held the time for filing a notice of appeal could not begin to run because judgment had never been properly entered. Just as the purported notice of appeal in *Stelpflug* was premature, so is Trustee's here.

Accordingly the proper action is to terminate this claimed appeal by remanding the matter to the Bankruptcy Court. Unlike *Stelpflug*, where a final judgment was involved and the remand was therefore "with directions to the bankruptcy court for proper entry of judgment" (790 F.2d at 51), that seems best left to the Bankruptcy Court where an interlocutory order such as the one here is involved.[2]

and thus plainly covered by subdivision (b) of that Rule.

2. There is always the possibility that Bankruptcy Judge McCormick may give further consideration to the issues he dealt with in interlocutory terms in the complained-of order.