Francis A. **COLLINS**

v.

Herbert L. **POLK, et al.**

No. 85–1165–B.

United States District Court, M.D. Louisiana.

April 16, 1987.

Wendell G. Lindsay, Jr., Lindsay, Marcel & Wells, Baton Rouge, La., for Collins.

John Dale Powers, David M. Vaughn, William E. Willard, Powers & Vaughn, Baton Rouge, La., for Herbert L. and Judith Polk and Polk Chevrolet, Inc.

John Michael Parker, Fred Tulley, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for other defendants.

POLOZOLA, District Judge.

The plaintiff, Francis A. Collins, has filed this suit pursuant to the Racketeer Influenced and Corrupt Organization Act ("RICO", 18 U.S.C. § 1961 et seq.), certain security laws including section 10b–5, the blue sky laws of South Carolina and Louisiana, and various other state claims based on fraud and misrepresentation. Plaintiff alleges that the defendants, acting through an alleged scheme of misrepresentation and fraud, acquired plaintiff's interest in two corporations without any consideration being given to the plaintiff. Two corporations are allegedly involved in this action: P.F.C., Inc. ("PFC") and Stinger Boats ("Stinger").

The following motions have been filed in this case: (1) James Fink, Deborah Fink, H.E. Avent, et al., Henry Avent, Mark Avent, W.J. Kinney, Brantley Burnett and John Lindsey, hereinafter referred to as the South Carolina defendants, filed a motion to sever the claims that relate to Stinger Boats and either dismiss or transfer these claims to South Carolina. These defendants have combined with their motion to sever a motion to dismiss for improper venue. (2) The South Carolina defendants have filed a motion to dismiss for abuse of process. In the alternative, these defendants seek to impound certain depositions which they contend were improperly obtained. (3) The defendants Herbert Polk, Judith Polk and Polk Chevrolet have filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for summary judgment.

The Court will discuss each of these motions separately.

**1–2.**[*]

### 3. Motion of South Carolina Defendants to Dismiss for Abuse of Process

The South Carolina defendants have also filed a motion to dismiss for abuse of process. As can be seen by comments made by the Court during oral argument and during the evidentiary hearings, the allegations made by the South Carolina defendants in support of this motion are of great concern to this Court. In order to understand this motion and the Court's ruling thereon, the Court must set forth certain background information in regard to the events leading up to the taking of the depositions and the actual taking of the deposi-

---

[*] The Court will only publish Part 3 [Motion of South Carolina Defendants to Dismiss for Abuse of Process] of this opinion since only this part of the opinion has precedential value.

tions themselves. The facts that relate to this motion are rather complex and involve two related actions, one in the bankruptcy court and another pending before this Court. Prior to the time this suit was filed, the trustee of a pending action in the bankruptcy court was authorized to conduct an investigation regarding alleged fraud and the selling of an asset of the bankrupt estate. This transaction involved the sale of PFC stock. Thereafter, the trustee in the bankruptcy action sought and obtained leave of court under Rule 2004 of the Bankruptcy Code to take certain depositions in connection with the bankruptcy proceeding. The trustee, apparently without advising the bankruptcy court, enlisted the expertise of Mr. Collins, the plaintiff in this suit. Apparently Mr. Collins had been involved in many of the transactions that the trustee was investigating. Thereafter, Mr. Collins accompanied the attorney for the trustee in taking the depositions which were authorized pursuant to Rule 2004 of the Bankruptcy Code. Mr. Collins then participated in a round of depositions taken by the attorney for the trustee. Mr. Collins then filed his initial complaint based on the information he had obtained in the 2004 depositions taken for the bankruptcy court. At no time did Mr. Collins inform the defendants of his intention to use the information in the depositions to file a lawsuit. It is also clear that the notice of depositions required by Rule 27 of the Federal Rules of Civil Procedure was not sent to the defendants. Without serving the defendants with his complaint filed in this action as required by Rule 4 of the Federal Rules of Civil Procedure nor advising them of the fact that the suit had been filed, Mr. Collins then proceeded with the second round of depositions taken for the attorney of the trustee in the bankruptcy matter. At no time during these depositions did he inform the parties whose depositions were taken and who are now defendants in this suit that a lawsuit had been filed against them. It is also clear that the requirements of Rule 27 of the Federal Rules of Civil Procedure were not complied with. After conducting a second round of depositions, the trustee, acting with knowledge that he had obtained from the depositions taken pursuant to the order of the bankruptcy judge, filed a separate action against many of the same defendants who are named in this suit. That suit is entitled *Starns v. Avent*, and is pending before this Court bearing docket number CA 86–86–B.

After Mr. Collins had taken all of the 2004 depositions authorized by the bankruptcy court, he then amended his suit and then for the *first time* served the defendants with the original and amended complaints. The defendants argue that the procedure used by Mr. Collins in obtaining the information from the defendants in depositions without advising them of the fact that a lawsuit had been filed amounted to an "ambush" and had the effect of circumventing Rules 27 and 30 of the Federal Rules of Civil Procedure. Therefore, these defendants argue that because Mr. Collins' actions constituted an abuse of process, the suit should be dismissed or, in the alternative, the defendants argue that the depositions should be impounded.

While this Court *strongly* condemns the practice used by Mr. Collins in securing the depositions of the defendants in this case, and while this Court shall *never* condone nor tacitly approve such conduct, the Court does not believe that the action of the plaintiff amounted to an abuse of process. The plaintiff's actions may not constitute an abuse of process, but they clearly constitute a violation of Rules 27 and 30 of the Federal Rules of Civil Procedure. The record is clear that plaintiff took no action to secure the deposition of a party prior to the time a suit was filed in accordance with the provisions of Rule 27. It is also clear that the plaintiff failed to comply with the provisions of Rule 30(a) of the Federal Rules of Civil Procedure insofar as giving proper notice of the deposition and complying with the thirty day time limitation set forth in the rule. Not only did the defendants not receive any notice, they were not given the opportunity to have counsel present nor were they given the opportunity to cross-examine the parties

whose depositions were taken. The record also reveals that the parties whose depositions were taken were not given notice of the purpose of the depositions by the trustee. The application for the order which set forth the reasons for the 2004 depositions was not given to any of the parties whose depositions were taken.

■ The plaintiff had a clear and unfair advantage over the defendants during the taking of the 2004 depositions. While the Court *reluctantly* declines to dismiss this case because of the manner in which the depositions were taken, the Court does believe that it would be in the interest of justice that the parties in this suit not be allowed to use the depositions taken pursuant to the 2004 order granted by the bankruptcy judge. Not only will the depositions be impounded, but the depositions shall not be used by any party in this case for any purpose. In addition, all summaries of the depositions and notes taken during the depositions must also be submitted to the Court. Any violation of this order shall constitute a contempt of this Court's order and appropriate sanctions shall be imposed by the Court for any violation of this order.

■ While the Court has clearly expressed its dissatisfaction at the manner in which the depositions were taken in this case, the Court expresses no opinion on the alleged violations of the Louisiana Code of Professional Responsibility involved in this case or other ethical violations. The Court's role is to preside in this case and ensure that all of the litigants receive a fair and impartial trial. The ethical rules and considerations raised by the manner in which the depositions were taken is better addressed to other tribunals charged with regulating the conduct of attorneys practicing law in the state of Louisiana. This Court will ensure that the parties comply with the Federal Rules of Civil Procedure and where there has been an abuse or misuse of these procedural rules, the Court will take appropriate actions. This Court will leave to other parties and tribunals the obligation to carry out the responsibilities of their respective offices.

Therefore:

IT IS ORDERED that the motion of the South Carolina defendants to dismiss for abuse of process is DENIED.

IT IS FURTHER ORDERED that the motion of the South Carolina defendants to impound all depositions taken pursuant to the Rule 2004 order issued by the bankruptcy court is hereby GRANTED. Within ten days of the date of this order all depositions, together with all notes or summaries of the depositions, shall be filed with the Clerk of this Court in a sealed container there to remain until further orders of this Court.

4.**

Therefore, in conclusion, the motion of the Polk defendants for summary judgment shall be granted as to the claims asserted under the Louisiana Unfair Trade Practices Act. In all other respects, the motion of the Polk defendants for summary judgment is hereby DENIED.

IT IS FURTHER ORDERED that the Court's order staying discovery in this case is hereby vacated and set aside.

IT IS FURTHER ORDERED that all discovery in this case shall be completed on or before December 31, 1987. All expert reports shall be exchanged on or before October 31, 1987.

IT IS FURTHER ORDERED that the motion of the South Carolina defendants to stay discovery is hereby denied as being moot.

** See footnote * supra.