**In re WETZLER, Debtor.**

**BANK OF WESTERN OKLAHOMA and Banctexas Dallas, N.A., Appellants,**

v.

**Willis J. WETZLER and Denver Public Schools Employee Pension and Benefit Association, Appellees.**

Bankruptcy No. 87 02738 C.

Civ. A. No. 89–K–134.

United States District Court, D. Colorado.

Feb. 12, 1990.

---

Andrea Shpall, Wedgle & Shpall, Denver, Colo., for Bank of Western Oklahoma, et al.

T.M. Brown, T.M. Brown & Associates, for debtor.

Peter J. Wiebe, Jr., Cockrell, Quinn & Creighton, Denver, Colo., for Denver Public School Employees' Pension & Benefit Ass'n.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an appeal from two orders of the bankruptcy court. In the first order, entered on January 18, 1989, the bankruptcy court approved a stipulated settlement agreement between the debtor, Willis J. Wetzler, a creditor, the Denver Public School Employees' Pension and Benefit Association (the Association), and a lessee of the debtor's property, Gholamreza Rahmani–Azar a/k/a Bruce Rahmani. In the second order, entered February 8, 1989, the court imposed sanctions against the Bank of Western Oklahoma and Banctexas Dallas, N.A. (collectively, the Bank) under Bankruptcy Rule 9011, based on its finding that counsel had failed to undertake adequate discovery which would have revealed that the Bank's objections to the above stipulation were without substance. For the following reasons, I dismiss the appeal.

■ As to the first issue, Wetzler and the Association have filed a motion for partial dismissal of the appeal. The motion is based on the bankruptcy court's approval of Wetzler's reorganization plan, which incorporates the same terms as the stipulated settlement from which the Bank appeals. The Bank did not appeal the order approving the plan; all parties agree that the first issue regarding the merits of the stipulation is now moot. The motion for partial dismissal is therefore GRANTED.

■ As to the remainder of the appeal, I conclude that I have no jurisdiction to review the imposition of sanctions in this case. In the January 13, 1989, hearing on the stipulated agreement, the bankruptcy court found that the Bank did not adequately investigate its objections to the stipulation, and it awarded Wetzler the amount of attorney's fees he expended to defend the motion, to be determined upon the filing of an affidavit by his attorney. Accordingly, the court's judgment entered that day noted that attorney's fees were awarded but did not specify the amount. The January 18, 1989, order approving the stipulation did not mention the issue of attorney's fees. The Bank then filed its notice of appeal on January 23, 1989, contesting the approval of the stipulation and the award of attorney's fees as sanctions. The actual amount of these fees was not determined, however, until the bankruptcy court entered its February 8, 1989 order.

Although the jurisdictional issue was not raised by the parties, I have a duty to do so *sua sponte. See Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir. 1988); *cert. denied,* —— U.S. ——, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989). Under 28 U.S.C. § 158(a), unless I have granted leave to appeal an interlocutory ruling, I

have jurisdiction to review only final orders of the bankruptcy court. Since the Bank's notice of appeal was filed *before* the actual determination of the amount of attorney's fees, the court's ruling on this issue was not final at the time the notice of appeal was filed. *See Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir.1990); *Phelps v. Washburn Univ. of Topeka*, 807 F.2d 153, 154 (10th Cir.1986).[1] Consequently, I conclude that I have no jurisdiction to review the imposition of sanctions in this case, despite the parties' helpful briefing and argument on this issue. The remainder of this appeal is DISMISSED for lack of subject matter jurisdiction.

---

**1.** Although both of these cases concern the court of appeals' jurisdiction to review an award of attorney's fees by the district court, I conclude that their reasoning applies to the jurisdictional analysis under 28 U.S.C. § 158(a).