**In re BLINDER, ROBINSON & COMPANY, INC., Debtor.**

**INTERCONTINENTAL ENTERPRISES, INC., Appellant,**

v.

**Glenn E. KELLER, Jr., Trustee of Blinder, Robinson & Co., Inc., Appellee.**

**Civ. A. Nos. 90–K–1863, 91–K–638.**

United States District Court, D. Colorado.

May 17, 1991.

Kalmon Glovin, Nathan Davidovich and Jay L. Gueck, Goodwin, Carlton & Maxwell, Dallas, Tex., for appellant.

Glenn Merrick, William A. Bianco, Jeffrey R. Pilkington, Davis, Graham & Stubbs, Denver, Colo., for appellee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

These related cases involve several bankruptcy court rulings permitting the trustee for Blinder, Robinson & Co., Inc., Glenn E. Keller, Jr. ("Trustee"), to conduct examinations under Bankruptcy Rule 2004. In No. 90–K–1863, Intercontinental Enterprises, Inc., the parent corporation and a creditor

of Blinder, Robinson, appeals the bankruptcy court's August 27, 1990 ruling giving the Trustee initial approval to examine numerous persons and entities and requiring them to produce documents relating to the operation of Blinder, Robinson. On April 22, 1991, Intercontinental filed an emergency motion for stay in this appeal to prevent these Rule 2004 examinations from going forward. In No. 91–K–638, Intercontinental appeals the bankruptcy court's April 17, 1991 bench ruling granting the Trustee's request that the Rule 2004 examinations of the former attorneys of Blinder, Robinson be closed to other parties.

The questions before me on these motions are: (1) whether No. 90–K–1863 should be dismissed as an improper appeal from a non-final order; (2) whether Intercontinental's request for an emergency stay in No. 90–K–1863 is justified, (3) whether No. 91–K–638 should be dismissed because the notice of appeal was premature, and (4) whether No. 91–K–638 should be dismissed as an improper interlocutory appeal. In addition, during argument on these motions, Intercontinental moved to strike certain pleadings filed in connection with these appeals. For the following reasons, I grant the motion to dismiss in No. 90–K–1863, grant in part the emergency motion for stay, deny the motion to dismiss in No. 91–K–638 and deny the motions to strike.

## I. *Facts*

On July 30, 1990, Blinder, Robinson filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On August 1, 1990, the Securities Investor Protection Corporation (SIPC) filed a complaint in district court seeking a protective decree declaring that the customers of Blinder, Robinson were in need of protection under the Securities Investor Protection Act (SIPA), 15 U.S.C. §§ 78aaa–78*lll*. After a hearing, the court granted SIPC's request for the protective decree, appointed the Trustee and his counsel, and referred the case to the bankruptcy court for liquidation of Blinder, Robinson under SIPA. *See id.* § 78eee(b)(4).

On August 24, 1990, the Trustee filed a pleading entitled, "Trustee's First Motion for Order Authorizing Conduct of Rule 2004 Examinations and Issuance of Subpoenas to Compel Attendance and Production of Documents and Other Tangible Things." In this motion, the Trustee requested permission to examine approximately 79 persons or entities connected with Blinder, Robinson and to require them to produce documents and other information relevant to the corporation. The bankruptcy court granted this motion without a hearing on August 27, 1990 (the "August order").

Intercontinental filed its objection to the motion on August 30, 1990, not aware that the August order had been entered. After learning that the court had already ruled, it filed a motion for reconsideration on September 5, 1990. The court denied Intercontinental's motion for reconsideration on September 26, 1990. On October 9, 1990, Intercontinental filed its notice of appeal and motion for leave to appeal from the August order, which now constitutes No. 90–K–1863.

On April 11, 1991, the Trustee filed an emergency motion for a protective order, requesting that he be permitted to conduct Rule 2004 examinations of Blinder, Robinson's former in-house and outside counsel without the attendance of any other persons except the testifying witness, his or her counsel, the Trustee, his counsel, and the court reporter. The Trustee requested this relief to protect Blinder, Robinson's attorney-client privilege, which now runs to the Trustee. *See generally, Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985) (holding that the authority to assert the attorney-client privilege passes to the trustee). The bankruptcy court granted this motion without a hearing that day (the "April order").

Intercontinental quickly moved to set aside the April order. On April 16, 1991, the bankruptcy court entered an interim order granting Intercontinental's motion to vacate the April order until it conducted a hearing on the issue. At the April 17, 1991 hearing, Intercontinental argued, *inter*

*alia,* that the Trustee's use of Rule 2004 examinations to gain information about the former operation of Blinder, Robinson was improper because the Trustee had recently filed an adversary complaint against the former principals of Blinder, Robinson and Intercontinental. Intercontinental argued that, under these circumstances, the Trustee should be required to conduct discovery pursuant to the Federal Rules of Civil Procedure, not Bankruptcy Rule 2004. The bankruptcy court rejected this argument and from the bench reinstated the April order. The court subsequently entered written findings of fact and conclusions of law on April 30, 1991, nunc pro tunc April 17, 1991. At the conclusion of the hearing, counsel for Intercontinental verbally requested the court stay its ruling pending an appeal to the district court. The bankruptcy court denied the request. Intercontinental filed a notice of appeal from this ruling on April 19, 1991, which constitutes No. 91–K–638.

Concurrently with its notice of appeal in No. 91–K–638, Intercontinental filed an emergency motion for stay of the April order pending appeal. I granted the motion after a hearing on April 19, 1991. The stay affects the Rule 2004 examinations of only the former attorneys of Blinder, Robinson.

On April 22, 1991, Intercontinental filed a second emergency motion for stay, this time in No. 90–K–1863. In this motion, Intercontinental requested a stay of *all* Rule 2004 examinations, including those of non-attorneys, pending a determination of whether the Trustee should be required to conduct discovery under the Federal Rules of Civil Procedure. I temporarily stayed the examinations until a hearing on emergency motion could be conducted.

Finally, on April 26, 1991, the Trustee moved to dismiss both the above appeals on the grounds that neither is an appeal from a final judgment. He also argued that the notice of appeal in No. 91–K–638 was premature. A hearing on the motion to dismiss and the emergency motion for stay in No. 90–K–1863 was conducted before this court on May 15, 1991. At that hearing, counsel for Intercontinental moved to strike the Trustee's reply brief in support of his motion to dismiss and the Trustee's affidavit filed in response to the emergency motion for stay. These matters are now before me.

## II. *Appeal No. 90–1863*

### A. Motion to Dismiss.

The Trustee asserts that the August order permitting him to conduct Rule 2004 examinations is not a final judgment appealable as of right under 28 U.S.C. § 158(a). Bankruptcy appeals as of right are limited to "final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of ... title [28]." 28 U.S.C. § 158(a). "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Adelman v. Fourth Nat'l Bank & Trust Co., N.A. (In re Durability, Inc.),* 893 F.2d 264, 265 (10th Cir.1990). The concept of finality, however, is less rigid in the bankruptcy context. It applies "not in the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Id.* at 266.

There is little direct authority on whether an order authorizing or limiting a Rule 2004 examination is a final, appealable order. The Trustee cites only one case, an unpublished disposition from the District of Kansas, in which the court held that such an order was interlocutory. The court in that case gave no reasoning and cited no cases in support for its conclusion. Intercontinental, on the other hand, provides only general case authority for its position that the August order was final.[1]

---

1. Intercontinental argues that the Tenth Circuit's ruling in *Eddleman v. United States Department of Labor,* 923 F.2d 782 (10th Cir.1991), mandates that this appeal be treated as one as of right under § 158(a). Intercontinental relies on footnote seven of that opinion, in which the court clarified its position on the flexible finality rule in bankruptcy. *See id.* at 786 n. 7. The court acknowledged that "[e]very circuit, including this one, recognizes explicitly or implicitly

A review of the few cases involving appeals of orders relating to Rule 2004, or its predecessor under the Bankruptcy Act, Rule 205, reveals only a glimmer of consistency. In the most recent pre-Code cases, a majority of courts considered such orders to "arise in proceedings in bankruptcy" and, therefore, to be final. *See, e.g., Securities Investor Protection Corp. v. Christian–Paine & Co.*, 755 F.2d 359, 360–61 (3d Cir.1985); *Citibank, N.A. v. Andros*, 666 F.2d 1192, 1194 n. 5 (8th Cir.1981); *In re W.F. Breuss, Inc.*, 586 F.2d 983, 985 (3d Cir.1978) (noting older cases to the contrary).

Cases decided after the enactment of the Bankruptcy Code are less consistent. For example, in *European–American Bank & Trust Co. v. GATX Aircraft Corp. (In re Hawley Coal Mining Corp.)*, 47 B.R. 392 (S.D.W.Va.1984), the district court expressly construed the bankruptcy court's order limiting Rule 2004 examinations to be a final order, apparently never questioning its conclusion. Other courts have by implication done the same, hearing appeals from Rule 2004 orders with no mention of this jurisdictional issue. *See, e.g., First Nat'l Bank v. Scaccia*, No. 88–3369 (E.D.La. Nov. 10, 1988) (unpublished disposition available at 1988 Westlaw 123332); *Keene Corp. v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 42 B.R. 362, 364 (S.D.N.Y.1984). *But see Trans World Airlines, Inc. v. Charters Int'l Co. (In re Charters Int'l Co.)*, No. 89–2231–0 (D.Kan. May 21, 1990) (unpublished disposition available at 1990 Westlaw 81764, summarily holding that a Rule 2004 appeal is interlocutory); *In re Met–L–Wood Corp.*, 64 B.R. 619, 619 n. 1 (N.D.Ill.1986) (same).

More recently, in *Parent Creditors' Committee of LTV Corp. v. LTV Corp. (In re Chateaugay Corp.)*, 120 B.R. 707 (S.D. N.Y.1990), the district court held that the bankruptcy court's order denying the application of the creditors' committee for Rule 2004 examinations was an interlocutory order not subject to immediate appeal. It reasoned that certain language in the bankruptcy judge's ruling that he would deny the application "at this point in time," indicated that he may revisit the issue again upon a showing that other less intrusive measures to obtain the information were unsuccessful. That the issue would potentially be revisited divested the order of "requisite finality to vest the [district] [c]ourt with appellate jurisdiction." *Id.* at 712.

 *In re Chateaugay* is instructive in this case. Here, the August order simply gave the Trustee initial authorization to commence Rule 2004 examinations of the listed parties based on his representation that they possessed information relevant to Blinder, Robinson's affairs. *See In re Silverman*, 36 B.R. 254, 257–58 (Bankr.S.D.N. Y.1984) ("a party who wishes to obtain a subpoena to examine a witness under Rule 205(a) need only represent that he is a party in interest and that he will conduct the examination within the rule's allowed scope of discovery"). It did not finally resolve on the merits Intercontinental's dispute regarding the permissible scope to the Rule 2004 examinations. In fact, on April 9, 1991, Intercontinental filed a motion for protective order and to quash subpoena duces tecum, arguing again that the scope of the Trustee's discovery was overbroad. The bankruptcy court denied the motion in its bench ruling at the April 17 hearing, memorialized in its findings of fact and conclusions of law entered on April 30, 1991.

Since further consideration of this issue has already occurred, the August order was not a final judgment and is not immediately appealable as of right. This is not to say that all appeals from Rule 2004 orders are non-final. This question should be resolved on a case-by-case basis. Where the dispute has been narrowed and there is no indication that further action by the

---

that 'traditional' rules of finality must be adapted to allow appeals of separate disputes within the bankruptcy case, without waiting for the entire case to become final." *Id.* Nevertheless, the court in *Eddleman* demanded "that each discrete dispute come to [the] court in a posture which satisfies 'traditional' finality principles." *Id.* For the reasons stated below, this appeal does not satisfy traditional finality principles.

bankruptcy court will be forthcoming, an order concerning Rule 2004 examinations should properly be considered final.

■ Intercontinental next argues that the August order meets the collateral order exception to the finality doctrine established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "To qualify for this limited exception, the order must conclusively determine the disputed question ..., resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 954 (10th Cir.1989). Intercontinental has the burden of demonstrating its entitlement to appeal on this basis. *Id.*

■ As outlined above, the dispute over the proper scope of examination under Rule 2004 has continued after the entry of the August order. Intercontinental filed a separate motion for protective order seeking to limit the Trustee's discovery under Rule 2004. This motion was denied on the grounds that Intercontinental had failed to identify the areas in which the Trustee's proposed discovery was overbroad. Thus, this appeal fails under the first element of the *Cohen* test, in that the August order did not finally resolve the question of the scope of the Trustee's rule 2004 examinations. Therefore, Intercontinental may not appeal this ruling under the collateral order doctrine.

■ Finally, Intercontinental requests leave to appeal the August order under Bankr.R. 8003. To proceed on this basis, Intercontinental must establish that the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Whirlpool Leasing Servs., Inc. v. Nucor, Inc. (In re Nucor, Inc.)*, 116 B.R. 246, 247 (D.Colo.1990) (applying the standards of § 1292(b) to interlocutory appeals in bankruptcy). Whether the August order

was overbroad is not a controlling issue of law over which there is substantial difference of opinion. Both parties agree that the scope of examination under Rule 2004 is broad; the court's decision permitting the examinations to go forward is a matter in its discretion. *See In re Hawley Coal Mining Corp.*, 47 B.R. at 394. Moreover, immediate appeal will not further the ultimate termination of this bankruptcy case. Accordingly, Intercontinental has not justified its motion for leave to appeal.

B. Emergency Motion for Stay.

On April 22, 1991, Intercontinental filed an emergency motion in No. 90–K–1863 to stay all of the Rule 2004 examinations scheduled by the Trustee. The thrust of Intercontinental's motion is that the Trustee should not be permitted to use Rule 2004 to examine interested parties because he has commenced an adversary proceeding charging some of those parties with breach of fiduciary duty and related claims. Once the Trustee has commenced an adversary proceeding, Intercontinental argues that he is limited to discovery under the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rules 7026–7037 relating to adversary proceedings.

■ Since I dismiss No. 90–1863 for lack of jurisdiction, the emergency motion cannot be considered in the context of this appeal. Intercontinental's emergency motion for stay should not have been filed in connection with this appeal in the first place. The only substantive issue before me in No. 90–K–1863 was whether the bankruptcy court erred in permitting the Trustee to go forward with Rule 2004 examinations without making a more particularized showing that the number of persons to be examined and the documents to be produced was necessary. At the time the bankruptcy court entered the August order, the Trustee had not yet commenced the adversary proceeding. Thus, there was no need for it to consider whether the Trustee's use of Rule 2004 was the proper mode of discovery. It would have been inappropriate for me to have considered

this issue in connection with Intercontinental's appeal of the August order; generally, an appellate court will not consider an issue not raised before the court below, based on events occurring after entry of the order appealed from, and not included in the party's statement of issues on appeal. *See O'Connor v. City & County of Denver,* 894 F.2d 1210, 1214 (10th Cir. 1990); *Woods v. Pine Mountain, Ltd. (In re Pine Mountain, Ltd.),* 80 B.R. 171, 173 (9th Cir.BAP 1987).

Nevertheless, I will consider the emergency motion in connection with the appeal of the court's April 17 bench ruling in No. 91–K–638. As discussed below, Intercontinental has timely filed a notice of appeal from that ruling. The issue of the Trustee's use of Rule 2004 examinations after the commencement of the adversary proceeding was raised and ruled on in that hearing. Intercontinental will be given leave to amend its statement of issues on appeal in No. 91–K–638, and both parties may amend their designation of record to accommodate this issue.

■■■■ To prevail on its emergency motion for stay, Intercontinental must demonstrate that (1) it is likely to succeed on the merits of its appeal; (2) it will suffer irreparable injury if the stay is denied; (3) the harm it will suffer outweighs the potential injury to the Trustee if the stay were granted; and (4) a stay is in the public interest. *See Drislor Assocs. v. Metro North State Bank (In re Drislor Assocs.),* 110 B.R. 937, 939 (D.Colo.1990). Under Bankruptcy Rule 8005, a motion for stay pending appeal must ordinarily be directed first to the bankruptcy court. In its April 17 bench ruling, later memorialized in its April 30 findings of fact and conclusions of law, the bankruptcy court denied Intercontinental's request for stay. It held that the pendency of the adversary proceeding did not affect the trustee's ability to go forward with Rule 2004 examinations and that under the third and fourth elements of the above test, a stay would be prejudicial to the Trustee's efforts and to the public interest.

■■■■ As I discuss below, I have concerns with the breadth of Intercontinental's request. Nevertheless, I find that its motion has merit. Rule 2004 permits parties in interest in a bankruptcy case to examine entities about "the acts, conduct, or property or … the liabilities of the debtor, or … any matter which may affect the administration of the debtor's estate, or … the debtor's right to a discharge." Bankr.R. 2004. Many courts recognize that Rule 2004 in effect authorizes a "fishing expedition," and " 'is essentially creditor and trustee oriented.' " *In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674 (Bankr.E. D.Pa.1990) (citing cases). Nevertheless, the availability of Rule 2004 as a discovery tool is not unlimited.

> [O]nce an adversary proceeding or a particular contested matter is under way, discovery sought in furtherance of litigation is subject to the F.R.Civ.P. rather than the broader bounds of R2004. Many courts have expressed distaste for efforts of parties to utilize R2004 examinations to circumvent the restrictions of the F.R.Civ.P. in the context of adversary proceedings or contested matters. Pollard suggests that it is "tactically advantageous … to submit the debtor to a Rule 2004 examination *before* filing a complaint," because thereafter more limited discovery subject to the F.R.Civ.P. will be all that is available.

*Id.* at 674–75 (citations omitted).

The Trustee relies on *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702 (Bankr.S.D.N.Y.1991) to support his contention that the pending adversary proceeding against Intercontinental and others does not preclude his use of Rule 2004 examinations. In *Drexel Burnham,* the court reviewed relevant case law considering the interplay between Rule 2004 and discovery rules under the Federal Rules of Civil Procedure. It concluded, "The cases are in agreement that once an adversary proceeding is in progress a creditor/party does not have a right to a 2004 examination. They are, however, in general agreement that pending litigation by or against the trustee is not sufficient cause to deny the examination." *Id.* at 711–12.

I do not think the cases cited by the court in *Drexel Burnham* support its conclusion and nor do I think the creditor/trustee distinction is a valid one.[2] Furthermore, the above-quoted summary of case law overlooks significant authority to the contrary. As noted in 8 *Collier on Bankruptcy* ¶ 2004.03[1] at 2004–5 to –6 (L. King 15th ed. 1990) (footnotes omitted):

> Rule 2004 is the basic discovery device in bankruptcy cases. It allows, without pending action of any kind, examination of any entity on motion filed with the court pursuant to Rule 2004(a). No contested matter or adversary proceeding need be on file as a prerequisite to conducting an examination; in fact, if an adversary proceeding or contested matter is pending, the discovery devices provided for in Rules 7026–7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Rule 2004 should not be used.

*See also, Collins v. Polk*, 115 F.R.D. 326, 328–29 (M.D.La.1987); *In re Nixon Elec. Supply, Inc.*, 85 B.R. 988, 989 (Bankr.W.D.Tex.1988).

■ This is perhaps a tedious way to say that Intercontinental has satisfied the first requirement for stay pending appeal: a substantial likelihood of succeeding on the merits. The remaining requirements also fall in its favor. There is a strong argument that Intercontinental will be irreparably injured if the Trustee is given unfettered authority to use Rule 2004 examination to discover information relevant to the pending adversary proceeding. The Trustee argues that Intercontinental's remedy is to seek suppression of the fruits of any improper discovery in the collateral litigation. However, by that time the damage will already have been done. As noted above, the Trustee must make a tactical decision on how to proceed with discovery. Having elected to file an adversary proceeding against Intercontinental before ex-amining it under Rule 2004, it is now limited to discovery under the Federal Rules.

Furthermore, the bankruptcy court's conclusions that the third and fourth elements weigh against Intercontinental are clearly erroneous. The bankruptcy court opined that delay in conducting Rule 2004 examinations would prevent the Trustee from carrying out his statutorily mandated duty to investigate the debtor's affairs and to locate hidden assets, and that this was, in turn, prejudicial to the public interest. The bankruptcy court erred in ignoring the fact that the Trustee is not prevented from conducting *any* discovery, he must simply comply with the Federal Rules.

■ Although I find cause to grant the stay, Intercontinental's motion to stay the 2004 examinations of *all* parties is overbroad. First, there is no suggestion in the above case law that the Trustee is precluded from using Rule 2004 discovery as to all entities once an adversary proceeding is commenced. Clearly, such relief would be an untailored response to this problem. Entities not affected by the adversary proceeding do not require the greater protections afforded under the Federal Rules, and the Trustee should be permitted to examine them under Rule 2004. Moreover, I question whether Intercontinental has standing to challenge the Rule 2004 examinations of other parties. Accordingly, the emergency motion for stay of Rule 2004 examinations is granted only with respect to the examinations of the officers and employees of Intercontinental. By this order, of course, ordinary discovery under the Federal Rules of Civil Procedure is not affected.

### III. *Appeal No. 91–638*

A. Premature Notice of Appeal.

The Trustee argues that No. 91–K–638 should be dismissed because Intercontinental filed its notice of appeal before the bankruptcy court entered written findings

---

**2.** For example, the court cited *In re Table Talk, Inc.,* 51 B.R. 143 (Bankr.D.Mass.1985) for the proposition that "[p]ending litigation against a person sought to be examined under Rule 2004 and possible use of such testimony in collateral litigation is not sufficient reason for denying examination." 123 B.R. at 710. In *Table Talk*, however, no adversary proceeding had been commenced against the examinees. *See* 51 B.R. at 145.

of fact and conclusions of law incorporating its bench ruling reinstating the April order. He asserts that Intercontinental must await the entry of a written order before appealing, relying on *Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.)*, 896 F.2d 1189 (9th Cir.1990), and *Bank of Western Oklahoma v. Wetzler (In re Wetzler)*, 110 B.R. 526 (D.Colo.1990). I disagree.

Under Federal Rule of Appellate Procedure 4(a)(2), "[e]xcept as provided in (a)(4) of ... Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." Although patterned after federal appellate rules, the Bankruptcy Rules governing appeals, Rules 8001 to 8019, do not expressly incorporate Rule 4(a)(2). Nevertheless, several courts have held that Rule 4(a)(2) applies to bankruptcy appeals, and that a notice of appeal filed after the entry of oral findings but before a judgment is not a nullity. *E.g., Nicoladze v. Lawler*, 86 B.R. 69, 71–72 (N.D.Tex.1988); *G.M.P. Land Co. v. Lark (In re F.A. Potts & Co.)*, 19 B.R. 663, 664 (E.D.Pa.1982); *see also The Raleigh Inn, Inc. v. BWAC Liquidation Corp.*, 122 B.R. 253 (W.D.N.C.1990) (notice of appeal filed before entry of written order timely).

■ The Trustee's reliance on *In re Sweet Transfer* is misplaced. In *In re Sweet Transfer*, the appellants filed a notice of appeal from an order denying their motion for reconsideration of an order imposing sanctions. The court correctly held that a notice of appeal filed before the entry of judgment on a Rule 9023 motion to reconsider is premature and a new notice of appeal must be filed. 896 F.2d at 1192. This result is mandated by express language in Bankruptcy Rule 8002(b), paralleled after Federal Rule of Appellate Procedure 4(a)(4). Bankruptcy Rule 8002(b) addresses the effect of certain post-judgment motions on the time for appeal. It provides that a notice of appeal filed before the disposition of Rule 9015, Rule 7052(b), or Rule 9023 motion "shall have no effect; a new notice of appeal must be filed."

Bankr.R. 8002(b). Conversely, if an appeal is taken from an order not involving one of the aforementioned post-judgment motions and is filed before the entry of a findings or a written judgment, it is not jurisdictionally defective. *See generally, Nicoladze v. Lawler*, 86 B.R. at 72; *Compare Allustiarte v. Hauser (In re Allustiarte)*, 848 F.2d 116, 117 (9th Cir.1988) (appeal filed prior to entry of order on docket sheet deemed timely) *with In re Sweet Transfer*, 896 F.2d 1189 (appeal of order denying reconsideration premature).

■ Here, Intercontinental appeals the denial of its motion under Bankruptcy Rule 9018. It is not one of the motions listed in Bankr.R. 8002(b) in which a premature notice of appeal is a nullity. Therefore, Intercontinental's notice of appeal filed after the court's bench ruling but before the entry of a written order is sufficient to perfect its appeal. Nor is *In re Wetzler* dispositive. *In re Wetzler* involved an appeal of an award of attorneys fees. The question in that case was whether the bankruptcy court's order awarding fees was final because the court had not yet determined the amount of those fees. *See* 110 B.R. at 527–28. It is inapplicable here. Accordingly, Intercontinental's notice of appeal in No. 91–K–638 was not premature.

B. Dismissal as an Improper Interlocutory Appeal.

■ The Trustee also argues that this appeal must be dismissed as an improper appeal of a non-final judgment. In essence, he contends that this is simply a discovery dispute and, as such, it is not appealable until after the final resolution of the case. To support his contention that this appeal should be dismissed as interlocutory, the Trustee relies on a long line of cases that hold that a party may not directly appeal from an order compelling discovery except by violating that order and appealing from the subsequent entry of a contempt citation. *See, e.g., Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Alexander v. United States*, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906); *Federal Trade Comm'n v.*

*Alaska Land Leasing, Inc.,* 778 F.2d 577 (10th Cir.1985); *see generally,* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.13[2] (2d ed. 1991).

I question whether the above principles of finality apply in this situation. Unlike routine discovery orders entered in litigation under the Federal Rules, Rule 2004 examinations do not take place within the context of a single litigated dispute. Rule 2004 is a broad discovery device intended to uncover information which may lead to the later initiation of litigation within the bankruptcy proceedings. There is no opportunity for appeal after a final ruling in the underlying litigation, as in civil cases, because there is no underlying litigation to which the Rule 2004 examination attaches. Taken to the extreme, if the traditional rules of finality apply, a party could not appeal a Rule 2004 order until the bankruptcy case is closed.

For this reason, as I have outlined in connection with No. 90-K-1863, a number of courts have permitted a direct appeal from a Rule 2004 order. *Cf. Securities Investor Protection Corp. v. Christian-Paine & Co.,* 755 F.2d at 360-61 (pre-Code case rejecting SIPA trustee's argument that appeal of Rule 205 was barred by *Alexander v. United States*). Moreover, in contrast to the appeal of the August order in No. 90-1863, this appeal involves the discrete issue of the Trustee's entitlement to closed Rule 2004 examinations, and the bankruptcy court's order appears to have fully resolved the parties' dispute. Therefore, the rationale of *In re Chateaugay,* which supports the dismissal of the appeal in No. 90-1863, is not relevant here.

Finally, this appeal is a suitable candidate for interlocutory review. At least one court has held that a party requesting a protective order limiting access to testimony produced in Rule 2004 examinations on the basis of the attorney-client privilege has the burden of "showing that a protective order is the least intrusive means of achieving the goals of protecting the fairness of the judicial process." *In re DeLorean Motor Co.,* 31 B.R. 53, 55 (Bankr.E.D. Mich.1983). I find there is a substantial question whether the bankruptcy court in this case recognized this allocation of the burden of proof to the Trustee. Therefore, I deny the Trustee's motion to dismiss this appeal.

C. Motions to Strike.

 Intercontinental moves to strike the Trustee's reply brief in support of its motion to dismiss these appeals. The Trustee requested leave to file the brief, which I granted although it was outside of the time limits of Local Rule 408 D. His action was not improper. Intercontinental also moves to strike the Trustee's affidavit relating to the emergency motions for stay. Since I have ruled substantially in Intercontinental's favor on both motions, it was not prejudiced by this filing. The motions to strike are denied.

Accordingly, IT IS HEREBY ORDERED that the Trustee's motion to dismiss No. 90-K-1863 is GRANTED, and

FURTHER ORDERED that the Trustee's motion to dismiss No. 91-K-638 is DENIED, and

FURTHER ORDERED that Intercontinental's emergency motion for stay in No. 90-K-1863, considered as a motion for stay of the bankruptcy court's ruling in No. 91-K-638, is GRANTED with respect to the Rule 2004 examinations of the officers and employees of Intercontinental and DENIED with respect to all other Rule 2004 examinations not previously stayed, and

FURTHER ORDERED that Intercontinental may amend its designation of record and statement of issues on appeal in No. 91-K-638 on or before May 31, 1991 to include matters relating to the issues raised in the above emergency motion for stay; the Trustee may amend its designation on or before 10 days after Intercontinental's amendment, and

FURTHER ORDERED that Intercontinental's motion to strike the Trustee's reply brief and affidavit are DENIED.