In re John Muir KIPP, Debtor.

FIRST FINANCIAL SAVINGS ASSOC., Plaintiff,

v.

John Muir KIPP, Defendant.

Bankruptcy No. 87–30527–A.
Adv. No. 88–3012.

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

June 15, 1988.

Wiley F. James, III and Bernard R. Given, II of Grambling & Mounce, El Paso, Tex., for plaintiff.

---

Herbert Ehrlich of Ehrlich & Associates, P.C., El Paso, Tex., for defendant.

## ORDER DENYING MOTION FOR RULE 2004 EXAMINATION OF DEBTOR

R. GLENN AYERS, Chief Judge.

The Court has reviewed First Financial's Motion for Rule 2004 Examination of Debtor and the Debtor's Response. For the following reasons, the Court finds that the motion must be denied.

First Financial initiated this adversary proceeding by filing its Complaint to Determine Dischargeability of Debt. An adversary proceeding is governed by Part VII of the Bankruptcy Rules. Bankruptcy Rule 7001. Part VII of the Rules incorporates most of the Federal Rules of Civil Procedure. Of particular relevance here, Bankruptcy Rules 7026 to 7037 incorporate Rules 26 to 37, F.R.Civ.P., regarding discovery including the taking of depositions.

Bankruptcy Rule 2004 authorizes examination of any entity and the scope of such examination is virtually unlimited. As many courts have noted, the Rule allows an unrestrained "fishing expedition." *See In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr.D.Mass.1983). One matter that is within Rule 2004 is "any matter which may affect ... the debtor's right to a discharge." Rule 2004(b).

However, once an actual adversary proceeding has been initiated, "the discovery devices provided for in Rules 7026–7037 ... apply and Rule 2004 should not be used." 8 *Collier on Bankruptcy* para. 2004.03[1] at pp. 2004–5—2004–6. Rule 2004 may not be used to circumvent the protections offered under the discovery rules, 7026 to 7037. *See In re Silverman*, 36 B.R. 254, 10 C.B.C.2d 1219, 1226 (Bankr.S.D.N.Y. 1984). Once First Financial initiated this adversary it may no longer use Rule 2004 to obtain discovery relevant to the adversary. First Financial is not harmed by the denial of this motion because it may depose the Debtor in accordance with Bankruptcy Rule 7030.

In the Debtor's response to the motion for examination, he asserted that he would refrain from appearing because he would invoke the fifth amendment right against self-incrimination. The Court does not rule on the assertion of this defense at this time. If the Debtor refuses to comply with a proper discovery request, First Financial may raise the issue as provided by Part VII of the Bankruptcy Rules. It is therefore

ORDERED that the Motion for Rule 2004 Examination of Debtor is DENIED.