In re ECAM PUBLICATIONS, INC., Debtor.

Bankruptcy No. 90 B 21083.

United States Bankruptcy Court, S.D. New York.

Sept. 11, 1991.

**557**

DECISION ON CROSS–MOTION FOR
AN ORDER TO QUASH
SUBPOENAS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The Chapter 11 Operating Trustee ("trustee") of the debtor, Ecam Publications, Inc. ("Ecam"), has moved for an order holding two witnesses in civil contempt for their failure to comply with a subpoena issued by this Court which directed them to appear for oral examinations pursuant to Bankruptcy Rule 2004. The witnesses filed, after the scheduled date of the 2004 examination, a cross-motion to quash the subpoenas and an opposition to the motion for contempt. The Court, ruling from the bench, found the witnesses in contempt for failing to appear at the court-ordered examination and signed a Certificate of Contempt, certifying the facts and conclusions of law to the United States District Court. Having resolved the motion for contempt, the Court now addresses the witnesses' cross-motion. The cross-motion originally sought to quash the subpoenas, but at the hearing the witnesses conceded that the trustee, pursuant to Rule 2004, could properly ask certain questions of them. Therefore, the Court will treat the cross-motion as one to limit the scope of the 2004 examination.

## FACTUAL BACKGROUND

On October 29, 1990, the debtor filed a petition under Chapter 11 of the Bankruptcy Code. This Court approved the appointment of Barbara Balaber–Strauss as Chapter 11 Operating Trustee of the debtor's estate pursuant to 11 U.S.C. § 1104 on April 11, 1991.

By two separate applications dated June 24, 1991, the trustee applied to the court and obtained orders, pursuant to Rule 2004, requiring the witnesses, Joseph A. Ris and Bernard Costich, to appear at the trustee's office in order to be examined concerning the acts, conduct and property of the debtor and its financial affairs, and requiring each witness to produce at the examination all documents and records re-

Serchuk & Zelermyer, White Plains, N.Y. (Benjamin Zelermyer, of counsel), for Trustee.

Fulbright & Jaworski, New York City (William J. Rochelle, III, of counsel), for Joseph A. Ris and Bernard Costich.

quested in the subpoena. The trustee seeks to examine the witnesses because of their relationship with the debtor.

The debtor was in the publishing business with premises formerly located in Mount Kisco, New York, and presently located in Greenwich, Connecticut. The debtor was a subsidiary of a French corporation, Editions Chronique, S.A., which, with its corporate parent Holding 2000, filed a bankruptcy case in France. The French bankruptcy court appointed a receiver in that case and the French receiver retained Mr. Ris, one of the witnesses, to represent him with respect to the instant debtor's financial affairs in the United States. Mr. Ris, in turn, hired Mr. Costich, the other witness, to assist him.

The witnesses acknowledge receiving service of the orders requiring them to appear at the 2004 examinations and admit that they intentionally failed to attend the examinations as scheduled for August 14, 1991. The witnesses' reasons for not attending their 2004 examinations relate to a sale of some of the debtor's assets. More specifically, the trustee seeks to sell, pursuant to 11 U.S.C. § 363, all of the debtor's right, title and interest in certain copyrights at an auction to be held later this month. One of the bidders at the auction will be a French corporation, Oros Communications, S.A. ("Oros").

The witnesses claim that they fully intended to appear at the August 14, 1991 examinations and accordingly have already produced all of their files concerning the debtor. However, on August 12, 1991, two days before the scheduled examinations, the witnesses received a notice of sale in which the trustee stated that she would sell certain assets of the debtor to Oros. Attached to the notice of sale was a letter from Oros's American counsel in which Oros states that it will assign its claims to the trustee in connection with its agreement to purchase certain copyrights from the trustee for $225,000.00.

After learning about the potential assignment of claims, counsel for the witnesses telephoned and wrote to the trustee's counsel to inform the trustee that they would not attend the examinations. The witnesses argue that because they only discovered the trustee's intention to receive an assignment of claims from Oros two days before the examinations, there was no opportunity to file a motion to quash the subpoenas in advance of the examinations.

## DISCUSSION

### Timeliness of Witnesses' Motion to Quash

■ The trustee argues that the witnesses' motion to quash or modify the subpoenas is untimely because it was filed after the scheduled date for the Rule 2004 examination and therefore the court should not consider the motion. The trustee contends that Rule 2004(c) allows a court to compel attendance at an examination in the manner provided in Rule 9016, which incorporates Federal Rule of Civil Procedure 45. Under Rule 45(b), a motion to quash a subpoena must be made "at or before the time specified in the subpoena for compliance therewith...." Fed.R.Civ.P. 45(b).[1]

---

1. The witnesses argue that Rule 45(b) and (d) apply only to the production of documents. Further, the witnesses assert that the United States Supreme Court has promulgated a new Rule 45 to take effect on December 1, 1991, and that the new Rule 45 clarifies the old Rule 45 by specifically requiring a motion to quash or modify a subpoena be filed "timely."

First, the new Rule 45 is not presently effective. Second, the new Rule 45 is further evidence that a motion to quash or modify a subpoena must be made prior to the date the party must comply with the requirements of a subpoena. Although new Rule 45(c)(2)(B) relates only to the production of documents, it requires an objecting party to serve such objections "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service." While new Rule 45(c)(3)(A) states that a motion to quash or modify must be made "on timely motion," this section must be read in conjunction with subsection (c)(2)(B) such that "on timely motion" requires objections be served according to the same rule whether a subpoena requires production of documents or depositions. Moreover, neither present Rule 45 nor new Rule 45 makes any exception to the rule that objections be served before the compliance date in the subpoena when the subpoena requires depositions rather than production of documents.

This Court agrees that the witnesses' motion to quash made after the scheduled appearance date renders it untimely. *Los Angeles Memorial Coliseum Commission v. National Football League,* 89 F.R.D. 489, 496 (C.D.Cal.1981).

Although it may make some sense for a journalist who is an actual party in a civil suit to appear and claim the privilege with regard to *particular questions* and documents, such a procedure should not be imposed on non-party journalists. Moreover, the Federal Rules of Civil Procedure specifically provide for motions to quash and for protective orders as means of objecting to a subpoena *before* the scheduled appearance date.

*Id.* at 496 (emphasis added).

The untimeliness of the witnesses' motion to quash the subpoenas, however, relates to whether the witnesses should be held in contempt. This Court has already certified the witnesses for contempt. Because the Court has rescheduled the 2004 examinations, the witnesses' motion to quash will be treated as a motion limiting the scope of the Rule 2004 examination. *Id.* at 496 n. 7; 5A J. Moore Federal Practice ¶ 45.05[3] (2d ed. 1991) ("[I]t appears to make no difference whether a motion to resolve such issues is labeled as made under Rule 26(c) [protective order] or Rule 45(b).").

### Limiting the Scope of the Rule 2004 Examination

■ A Rule 2004 examination may be used to obtain information relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's right to a discharge." Fed.R.Bankr. 2004. Third parties are subject to examination pursuant to Rule 2004 if they have knowledge of the debtor's affairs. *In re Valley Forge Plaza Associates,* 109 B.R. 669, 674 (Bankr. E.D.Pa.1990).

Rule 2004 may only be used by a "party in interest." Fed.R.Bankr. 2004(a). Although Rule 2004 does not define the term "party in interest," 11 U.S.C. § 1109(b) includes the trustee in its use of the term "party in interest" for purposes of the right to be heard in a Chapter 11 case. *See In re Summit Corp.,* 891 F.2d 1, 5 (1st Cir.1989).

■ Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 711 (Bankr.S.D.N.Y.1991). In fact, the scope of a Rule 2004 examination is so broad that it can be in the nature of a "fishing expedition." *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr. E.D.N.Y.1991); *In re Silverman,* 36 B.R. 254, 258 (Bankr.S.D.N.Y.1984). However, once an adversary proceeding or another contested matter has been initiated, parties must proceed with discovery for that litigation pursuant to the Federal Rules of Civil Procedure. *Valley Forge,* 109 B.R. at 674; *Silverman,* 36 B.R. at 258–59.

■ The witnesses concede that the trustee may question them at a Rule 2004 examination insofar as the questioning relates generally to their transactions and conduct with respect to the debtor and its financial affairs. However, the witnesses object to being examined with regard to the claims against them which the trustee intends to obtain from Oros. The witnesses therefore have the burden, as under Federal Rule of Civil Procedure 26(c), to show "good cause" for limiting the scope of the depositions.

The witnesses argue that the trustee is attempting to make inappropriate use of Rule 2004 in order to take discovery in preparation for asserting claims against them based on the claims Oros intends to assign to the trustee. More specifically, the witnesses argue that bankruptcy trustees have an advantage over third parties who owned the claims prior to assignment because trustees can take discovery pursuant to Rule 2004 when the parties who owned the claim would not have the same power. Such an assignment of claims, the witnesses assert, amounts to champerty under sections 488 and 489 of New York Judiciary Law. Consequently, permitting a bankruptcy trustee to use Rule 2004 in

these circumstances encourages trustees to become collection agents for claims held by third parties against other third parties.

Further, the witnesses assert that the notion that the Federal Rules of Civil Procedure, rather than Rule 2004, govern discovery when an adversary proceeding has been initiated, should be "logically extended" to include those instances when the debtor or trustee "is in a position to file a complaint." *Memorandum of Law in Support of Cross–Motion to Quash Subpoenas*, at 8. Such a "logical extension" would preclude the use of Rule 2004 for that which it was intended, namely, to determine whether there are grounds to bring an action to recover property of the estate.

At the hearing in which this Court found the witnesses in contempt, the witnesses' counsel also argued that the bankruptcy court lacks jurisdiction to entertain a claim by a nondebtor against another nondebtor which was assigned post-petition to the trustee because the assigned claims would not be property of the debtor's estate under 11 U.S.C. § 541(a)(7). The witnesses rely on *Gallucci v. Grant ("In re Gallucci")*, 931 F.2d 738 (11th Cir.1991). In *Gallucci*, the trustee coerced a third party, by threatening litigation, to transfer to the estate a residence occupied by the defendant, an elderly, bedridden widow who was recovering from major exploratory surgery. The trustee then commenced a turnover proceeding to recover possession of the house from the defendant. The defendant failed to attend a deposition scheduled by the trustee in the turnover proceeding and was sanctioned for such failure. The Eleventh Circuit reversed, holding that the post-petition transfer of the residence to the trustee, which was never owned by the debtor, was neither property of the estate in the prepetition period nor in the post-petition phase of the case. Therefore, the bankruptcy court lacked jurisdiction to entertain the noncore and unrelated adversary proceeding regarding a subject that was not property of the estate under 11 U.S.C. § 541(a)(7). Consequently, the defendant's deposition was unauthorized in the improper adversary proceeding and the

court order for sanctions for her failure to attend the deposition was reversed.

█ The instant case is distinguishable from *Gallucci* in that the Chapter 11 trustee will acquire claims against the witnesses in connection with a sale of assets to the French corporation. The Chapter 11 trustee will substitute property of the estate for cash and claims, which will then become property of the estate under 11 U.S.C. § 541(a)(7). The trustee will not acquire the claims in a vacuum for the purpose of litigating in the bankruptcy court a non-debtor's claims against other nondebtors. Moreover, the trustee has not commenced any adversary proceeding against the witnesses based on the transferred claims, in which event a Rule 2004 examination would not be appropriate because discovery in an adversary proceeding, as in *Gallucci*, must be obtained in accordance with the Federal Rules of Civil Procedure. *Valley Forge*, 109 B.R. at 674; *Silverman*, 36 B.R. at 258–59.

Further, the argument that a bankruptcy court should not encourage trustees to acquire from nondebtors their claims against other nondebtors solely for the purpose of litigating those claims in the bankruptcy court is unwarranted in the present case. This argument elides the point that the assignment of a nondebtor's claim against another nondebtor may constitute property of the estate if such assigned claim became part of the bankruptcy estate as a result of a post-petition transaction by the trustee and in accordance with the trustee's duties to administer the debtor's estate. *See In re Dublin Properties*, 20 B.R. 616, 618–19 (Bankr.E.D.Pa.1982).

The Chapter 11 trustee's acquisition of the claims held by Oros against the witnesses will not be obtained in a vacuum, but in connection with a court authorized post-petition transaction, and therefore will qualify the assigned claims as property of the estate pursuant to § 541(a)(7). The trustee will sell property of the estate and will receive in exchange cash and assigned rights. This transaction is tantamount to a substitution of one type of property of the estate for other assets which became prop-

erty of the estate under 11 U.S.C. § 541(a)(7). Thus, the trustee may conduct a Rule 2004 examination and inquire as to the facts with respect to the proposed assignment of claims.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (O).

2. The movants' motion to quash the subpoenas issued by the trustee requiring the movants to attend examinations pursuant to Bankruptcy Rule 2004 are deemed motions to limit the scope of the Rule 2004 examinations.

3. The claims that the Chapter 11 trustee might acquire in connection with the sale of the debtor's assets will qualify as property of the estate pursuant to 11 U.S.C. § 541(a)(7).

4. The movants' motion to limit the scope of the Rule 2004 examinations is denied.

SETTLE ORDER in accordance with the foregoing.