**In re Norman Eugene (Jim) FRENCH.**

**Bankruptcy No. 91–40108–PKE.**

United States Bankruptcy Court,
D. South Dakota, S.D.

Sept. 25, 1992.

J. Bruce Blake, Blake Law Offices, Sioux Falls, S.D., for debtor.

Craig Peyton Gaumer, Asst. U.S. Atty., Sioux Falls, S.D., for Farmers Home Admin.

PEDER K. ECKER, Bankruptcy Judge.

On August 12, 1992, the Farmers Home Administration [hereinafter FmHA] filed a

Motion for a Federal Rule of Bankruptcy Procedure 2004 Examination of Joyce P. Gall through Assistant United States Attorney Craig Peyton Gaumer. Ms. Gall is a Certified Legal Assistant [hereinafter C.L.A.] employed by Debtor's counsel. Previously, FmHA conducted a Bankruptcy Rule 2004 examination of the Debtor, which focused on the omission of $50,000 from Debtor's bankruptcy schedules and petitions. At this examination, Debtor stated that the C.L.A. received information about the $50,000 during an interview conducted to obtain data needed to prepare the petitions and schedules. FmHA concludes that by implicating the C.L.A., Debtor has either voluntarily or implicitly waived any attorney-client privilege concerning the manner in which the petitions and schedules were completed, including the C.L.A.'s participation in that process. In order to complete the investigation regarding the omitted $50,000, FmHA prays the Court to direct this C.L.A. to attend an examination pursuant to Bankruptcy Rule 2004(b) and (c). A brief in support of the motion was filed September 8, 1992.

Debtor filed a response to the motion on September 2, 1992, through Sioux Falls Attorney J. Bruce Blake. The response states that the purpose of a Bankruptcy Rule 2004 examination is to discover issues of general interest concerning the overall administration of the bankruptcy case, not for completing discovery in preparation of pending litigation. And because litigation is pending in this case, Debtor believes FmHA should follow the discovery procedures available through the Federal Rules of Civil Procedure. The response also asserts Debtor's attorney-client privilege, codified at S.D.C.L. § 16–18–18, and further resists the motion by noting that South Dakota Supreme Court Rule 92–5, codified at S.D.C.L. § 16–18–34, states that an attorney must insure that all confidences are preserved by a C.L.A.

A hearing was held September 10, 1992, and the Court heard oral argument concerning voluntary waiver of the attorney-client relationship and the scope of examination permitted under Bankruptcy Rule 2004. The Court's position regarding discovery, the attorney-client privilege, and the plain language of Bankruptcy Rule 2004(a) provides resolution to the issue of whether a certified legal assistant, an extension of debtor's counsel, is required to submit to an examination when the information sought to be obtained is specific in nature rather than general to the overall administration of the bankruptcy case.

■ As originally promulgated, Bankruptcy Rule 2004 was derived from former Rule 205(a). *See* 2 L. King, *Collier on Bankruptcy* ¶¶ 342.02, 343.08, 343.13 (15th ed. 1992). Generally, Rule 2004 is the basic discovery device used in bankruptcy cases. 8 L. King, *Collier on Bankruptcy* ¶ 2004.-03, at 2004–6 (15th ed. 1992). The rule allows any entity to be examined without the requisite of any pending action such as an adversary proceeding or contested matter. *Id.* As a discovery device, Bankruptcy Rule 2004 may seem similar to the discovery provisions found in the Federal Rules of Civil Procedure, but the two are different. If a contested matter or adversary proceeding is pending, Rule 2004 should not be used, but, rather, the various discovery provisions of the Federal Rules of Civil Procedure should apply. *Id.* Bankruptcy Rule 2004 is designed to be a quick "fishing expedition" into general matters and issues regarding the administration of the bankruptcy case and, as such, does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure. *In re GHR Energy Corp.*, 33 B.R. 451, 453–54 (Bankr. D.Mass.1983). For example, a Rule 2004 examination does not afford the witness the right to be represented by counsel at the examination, and the right to object to "improper and unfair questions in the course of the examination has usually been denied." *Id.* at 454. Although these two "parallel" discovery procedures, "as with identical twins, seem to resemble each other, they are much different. This court, aware of the tension between them, cannot treat them as interchangeable." *Id.*, citing *In re Dupont Walston, Inc.*, 4 B.C.D. 61, 63 (Bankr.S.D.N.Y.1978). The Civil Procedure safeguards are "intended to promote

something other than the aims of a Rule 2004 examination." *Id.* at 454–55. In this case, litigation is pending, and FmHA's investigation may result in either an objection to discharge, a motion to convert this Chapter 12 proceeding, or possible criminal action. FmHA seeks very specific information from this C.L.A., rather than general issues and matters relative to case administration. For this reason, FmHA should abide by the Federal Rules of Civil Procedure rather than complete discovery in the context of this motion.

■ Bankruptcy Rule 2004(a) states that the court "may" order the examination of any entity. The plain meaning of this subdivision grants the Court complete discretion in making a determination regarding Rule 2004 examinations. The Court will follow the plain meaning of the Code and exercise that discretion. *Patterson v. Shumate,* — U.S. —, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In general, the Court believes that, for ethical considerations, there is something repugnant in requiring an attorney to submit to a Rule 2004 examination, especially when debtor's counsel is the sought-after target. The Court believes that a C.L.A. is an extension of debtor's counsel. Allowing debtor's counsel to be subject to this rule is simply going too far, is contrary to the Rules of Professional Conduct, and would quickly erode attorney-client relationships.

The Rules of Professional Conduct allow few and narrow circumstances in which to release confidential information. Only if a client consents, if the law or court order requires, if needed to prevent a crime, establish or collect a fee, or if needed to defend against wrongful conduct, may the attorney reveal such information. S.D.C.L. § 16–18 App. DR 4–101(C)(1), (2), (3), and (4). In addition, "a lawyer shall exercise reasonable care to prevent his employees, associates, and others whose services are utilized by him from disclosing or using confidences or secrets of a client...." *Id.* As an extension of the attorney, the attorney is responsible to insure that the C.L.A.

preserves all client confidences. S.D.C.L. § 16–18–34. Again, Bankruptcy Rule 2004 is designed to be a quick inquiry into the general matters concerning case administration. And similar to appropriate needs of discovery, even if an exception to the Rules of Professional Conduct justifies an attorney's revelation of privileged information, a Bankruptcy Rule 2004 examination is not the appropriate vehicle.

In light of the specific discovery needed to complete FmHA's investigation relative to its pending litigation and given the fact that the target of discovery is an extension of Debtor's counsel, coupled with the design of Bankruptcy Rule 2004 and the inherent nature of preserving client information under the Rules of Professional Conduct, the Court cannot grant this motion. FmHA must pursue its course of action utilizing the discovery procedures available under the Federal Rules of Civil Procedure. The Court need not reach the question of whether there has been any waiver of the attorney-client privilege. The Court will enter an appropriate order.

## ORDER DENYING MOTION FOR FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 EXAMINATION

The above-entitled matter having come before this Court, the Honorable Peder K. Ecker, Bankruptcy Judge, presiding, on September 10, 1992, on the Farmers Home Administration's Motion for a Federal Rule of Bankruptcy Procedure 2004 Examination of a Certified Legal Assistant employed by Debtor's counsel; and pursuant to the Letter Decision entered this day, it is hereby

ORDERED that the motion is denied and the Farmers Home Administration must pursue the various methods of discovery available through the Federal Rules of Civil Procedure in order to complete its investigation relating to pending litigation in this Chapter 12 bankruptcy case.