**In re Donald Charles BUICK, SSN: 320–36–7335, Debtor.**

**Bankruptcy No. 93–18397–SBB. MC No. DBC–1.**

United States Bankruptcy Court, D. Colorado.

Oct. 13, 1994.

D. Bruce Coles, Fish & Coles, Denver, CO, for Avon Center at Beaver Creek Condominiums Joint Venture.

Garry R. Appel, Doherty, Rumble & Butler, P.C., Denver, CO, for Joseph P. Fernim.

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court for a hearing on July 19, 1994, regarding:

1. Creditor's Motion to Allow Examination and Production of Documents Pursuant to F.R.B.P. 2004, filed by Avon Center at Beaver Creek Joint Venture ("Avon") on June 14, 1994 ("Motion to Examine");

2. Order Pursuant to F.R.B.P. 2004 issued by this Court on June 16, 1994, approving Rule 2004 examinations;

3. Motion to Reconsider and Vacate Order Pursuant to F.R.B.P. 2004, filed by Joseph P. Fernim on June 21, 1994 ("Motion to Reconsider"); and

4. Creditor's Request for Hearing and Response to Motion to Reconsider Order Pursuant to F.R.B.P. 2004, filed on June 27, 1994 ("Response").

## I. INTRODUCTION

This matter is before the Court on consideration of the above-listed Motions. Avon has requested an order allowing Avon to conduct a Rule 2004 examination of two individuals, Debtor and Mr. Fernim. First, Avon seeks to examine Debtor. Avon's claim against Debtor is the result of a state court judgment against Debtor entered in 1987. In 1993, Debtor filed for Chapter 7 relief, listing Avon as his only scheduled creditor. Second, Avon seeks to examine Mr. Fernim, a Chicago attorney who has been involved in numerous financial transactions with the Debtor and who has allegedly assisted Debtor in estate and/or pre-bankruptcy planning. Mr. Fernim has objected to Avon's Motion to Examine; Debtor has not.

Avon's Motion to Examine, and Mr. Fernim's opposition thereto, raise issues regarding when, and under what circumstances Rule 2004 examinations are appropriate. In this case, both the Chapter 7 Trustee and Avon have filed adversary proceedings which

arguably limit the discovery which Avon may appropriately conduct. Specifically, this Court will address the following two issues: (1) may a creditor conduct Rule 2004 examinations, after the trustee has filed adversary proceeding(s), on issues in addition to or beyond the scope of the pending adversary proceeding(s), and (2) may a creditor conduct Rule 2004 examinations after the creditor has filed an adversary proceeding regarding dischargeability of its debt, on issues in addition to or beyond the scope of its pending adversary proceeding?

At the July 19, 1994 hearing, this Court heard argument from the parties and, in the interest of efficiency, entered findings of fact and conclusions of law on the record. In addition, this Court issued a written Order Denying Joseph P. Fernim's Motion to Reconsider and Vacate Order. Such Order was issued to allow the parties to promptly continue with requested discovery and to allow the case to proceed in due course. However, because of the complexity and importance of the legal issues involved, this Court expressly reserved the right to issue a formal written opinion. Accordingly, the Court issues the following opinion.

## II. FINDINGS OF FACT

This case involves a myriad of entities and transactions which are important to a determination of the assets of the Estate in this case. Avon, the Debtor's only scheduled creditor, has been litigating with the Debtor for years. It has been, and currently is, trying to examine the status of the Debtor and trying to investigate the Debtor's assets, transfers and transactions, and his affiliated or related entities and trusts. Avon has asserted that it has previously engaged in a thorough review of the available public records and the information available to and received in discovery by Jeffrey L. Hill, Chapter 7 Trustee ("Trustee"), through initial Section 341 discovery in this case. These entities and transactions, and possibly others [1], form the basis of which Avon seeks to inquire by conducting Rule 2004 examina-

tions of Debtor and Mr. Fernim. Based on the evidence before the Court, the following directory of entities or relationships and history of transactions has been compiled.

1. In 1987, Avon was awarded a judgment against Debtor in state court. Such judgment was reinstated by the state court in 1989.

2. Mr. Fernim has served as an attorney and advisor to the Debtor. In 1988–1989, Mr. Fernim established a spendthrift trust for Debtor, allegedly to immunize his assets from execution by Avon on its judgment. Mr. Fernim was (and apparently still is) the trustee of that trust.

3. In December, 1988, Debtor acquired all the shares in the Federal Development Corporation ("FDC"), an Illinois corporation originally formed in 1988 by Debtor.

4. Between June 5, 1989 and December 31, 1992, Debtor served as president and chief executive officer of FDC. Mr. Fernim served as Director of FDC as well as one of its officers and its registered agent.

5. Between June 5, 1989 and December 31, 1992, FDC acquired substantial interests in certain real property in Eagle County, Colorado, including 595 acres near Eby Creek ("Eby Creek Property"). In early 1991–1992, the FDC's rights in the Eby Creek Property were transferred to the Eby Creek Land Trust, allegedly for inadequate consideration.

6. Mr. Fernim was (and apparently still is) the sole trustee of the Eby Creek Land Trust.

7. On June 15, 1989, Debtor's spendthrift trust was established as the Kerrybrook Irrevocable Trust, with the aid and/or advice of Mr. Fernim. Mr. Fernim was designated the sole trustee. Later, Debtor transferred 75% of the shares of FDC to the Kerrybrook Irrevocable Trust. Mr. Fernim received the remaining 25% of the shares as a fee for establishing the Trust and/or serving as the trustee for the remainder of Debtor's life.

---

1. At the July 19, 1994 hearing, several trusts, including the Kerrybrook Land Trust, the Cherokee Trust, the Castle Peak Ranch Trust, and the Eby Creek Land Trust, were referenced by coun-

sel for Mr. Fernim. It is unclear which of these trusts, and others, may be implicated in Debtor's alleged pre-bankruptcy planning.

Mr. Fernim subsequently transferred his 25% (250 shares) to the Eagle–Vail Trust.

8. Mr. Fernim is both the sole trustee and beneficiary of the Eagle–Vail Trust.

9. On August 3, 1993, Donald Charles Buick filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code. According to the schedules filed by Debtor, a judgment debt in excess of $200,000.00 is owed to Avon. This is the *only* debt scheduled by Debtor.

10. On August 4, 1993, the Eby Creek Land Trust transferred the Eby Creek Property to a new entity, the JayCee Land Trust. Debtor was (and apparently still is) the sole trustee and beneficiary of the JayCee Land Trust. Shortly thereafter, the JayCee Land Trust agreed to sell the Eby Creek Property. On September 30, 1993, in order to execute the sale, the Eby Creek Property was transferred back to the Eby Creek Land Trust. Debtor allegedly received a $50,000.00 commission on the sale.

11. In October 1993, certain proceeds from the sale of the Eby Creek Property were used to pay various expenses of Debtor and the JayCee Land Trust. In addition, the balance of the $1,000,000.00 proceeds were allegedly divided as follows: $750,000.00 was paid to the Kerrybrook Irrevocable Trust and $250,000.00 was paid directly to Mr. Fernim as trustee for the Eagle–Vail Trust.

12. On May 10, 1994, the Trustee commenced an adversary proceeding against Mr. Fernim and other named Defendants, Adversary Proceeding No. 94–1260–PAC, *Jeffrey L. Hill, Trustee v. Donald Charles Buick, et al.* In that proceeding, the Trustee asserts claims against Mr. Fernim, in his capacity as trustee for various trusts, to avoid purported transfers pursuant to the provisions of 11 U.S.C. §§ 544, 547 and 548, and various state law alter ego theories. The Trustee also seeks to recover transferred property pursuant to 11 U.S.C. § 550. Avon is not a party to that proceeding.

13. On May 19, 1994, Avon commenced Adversary Proceeding No. 94–1280–DEC, *Avon Center at Beaver Creek v. Donald Charles Buick,* to determine the dischargeability of its debt pursuant to 11 U.S.C. § 523(a)(4). In that proceeding, Avon alleges that its debt is not dischargeable because it was based on a breach of fiduciary duty to Avon.

14. On June 14, 1994, Avon filed its Motion to Examine, requesting a Rule 2004 examination of Debtor and Mr. Fernim. In its Motion to Examine, Avon asserted that "Debtor has since 1987, employed numerous trusts and corporations as shell or sham entities in which to conceal and hold assets for his personal use and control while attempting to delay, hinder or avoid efforts of [Avon] to execute on such assets for satisfaction of its judgment." [2]

15. In order to investigate its allegations and, it alleges, to assist the Court and the Trustee, Avon requested authority to conduct Rule 2004 examinations of Debtor and Mr. Fernim, and to require production of documents. In its Motion to Examine, Avon listed the following specific areas for inquiry:

a. Additional assets listed in Debtor's will, which document he has admitted exist [sic] but has not yet produced;

b. The Debtor's estate plan which he has admitted exists and was prepared by Mr. Fernim but which has not yet been produced;

c. The Debtor's property settlement agreement and order from his 1989 divorce in Illinois which has never been produced;

d. The Debtor's interest in the Kerrybrook Irrevocable Trust for which only the trust agreement itself, dated June 15, 1989, has so far been produced;

e. Claims the Debtor's bankruptcy estate may have for the fraudulent conveyance in 1991 of the FDC's option on the Eby Creek property to the Eby Creek Land Trust, acting for the benefit of Debtor and Mr. Fernim;

f. Claims the Debtor's bankruptcy estate may have for the fraudulent conveyance of the Eby Creek property in August 1993, by transfer from the Eby Creek Land Trust to the JayCee Land Trust;

**2.** Creditor's Motion to Allow Examination and Production of Documents Pursuant to F.R.B.P. 2004 ("Motion to Examine"), filed on June 14, 1994, at p. 1.

g. Claims the Debtor's bankruptcy estate may have for fraudulent conveyance of the Eby Creek property in September 1993 from the JayCee Land Trust back to the Eby Creek Land Trust;

h. Claims the Debtor's bankruptcy estate may have for the fraudulent conveyance of the Eby Creek property in October 1993 from the Eby Creek Land Trust to the new third party purchaser, including the $250,000 in cash proceeds received by the Eagle–Vail Trust and Mr. Fernim and arising form [sic] the original fraudulent conveyance to hinder and defraud [Avon] in 1989;

i. Claims the Debtor's bankruptcy estate may have for Debtor's original transfer to the Kerrybrook Irrevocable Trust of his interest in real and personal property;

j. Claims the Debtor's bankruptcy estate may have against Mr. Fernim directly as fraudulent transferee of the Debtor's assets and recipient of $250,000 as pre-paid legal fees not collected until the post petition sale by the Eby Creek Land Trust;

k. Claims the Debtor's bankruptcy estate may have for the Debtor's transfer to the Federal Development Corporation of his interest in real and personal property;

l. Claims the Debtor's bankruptcy estate may have against Mr. Fernim, in his personal capacity, for his participation in a civil conspiracy with the Debtor to commit conveyance to hinder and defraud [Avon] [sic]; and,

m. Whether the Debtor, his former counsel (Roger Moore),[3] in this bankruptcy proceeding and/or Mr. Fernim have conspired to make intentionally false representations in the Debtor's filed schedules or through other responses on the Debtor's behalf in this bankruptcy proceeding, either to the Trustee or directly to the Court.

Motion to Examine, at pp. 5–6.

16. On June 16, 1994, the Court granted Avon's Motion to Examine, allowing a Rule 2004 examination at a time and place mutually convenient to the parties.

17. On June 21, 1994, Mr. Fernim filed a Motion to Reconsider and Vacate Order Pursuant to Rule 2004, F.R.B.P.

18. On June 27, 1994, Avon filed its Response thereto.

19. On July 15, 1994, the Honorable Donald E. Cordova issued an order determining that Judgment should be entered by default against Debtor and in favor of Avon in Avon's dischargeability action, Adversary Proceeding No. 94–1280–DEC.

### III. CONCLUSIONS OF LAW

#### A. Issues

Mr. Fernim argues two separate reasons why this Court should deny Avon's request to conduct Rule 2004 examinations of Debtor and Mr. Fernim; each reason is based on the pending adversary proceeding(s) commenced, first, by the Trustee, and second, by Avon. Mr. Fernim argues:

(1) Avon is not entitled to conduct Rule 2004 examinations because:

  (a) The Trustee has commenced adversary proceedings;

  (b) The Trustee has an obligation to actively pursue assets of the Estate.

  (c) Therefore, all discovery, beyond the scope of Avon's dischargeability action, is the proper responsibility of the Trustee, not Avon.

(2) Avon is not entitled to conduct Rule 2004 examinations because:

  (a) The purpose of a Rule 2004 examination is to elicit information which may lead to later claims;

  (b) Once claims are developed and an adversary proceeding is filed by a creditor, Rule 2004 examinations may not be conducted with regard to those claims;

  (c) Avon has already brought a dischargeability action pursuant to Section 523 of the Bankruptcy Code; and

  (d) Pursuant to the Bankruptcy Code, Avon is not entitled to bring any additional claims.

---

**3.** On December 10, 1993, counsel for Debtor, Roger Moore, filed an Application to Withdraw as Counsel for Debtor. Such Motion was granted on January 31, 1994.

(e) Therefore, Avon may not conduct Rule 2004 examinations.

Stated more simply, the issues before the Court are:

(1) May a creditor conduct Rule 2004 examinations, after the trustee has filed adversary proceeding(s), on issues in addition to or beyond the scope of the pending adversary proceeding(s)?

(2) May a creditor conduct Rule 2004 examinations after the creditor has filed an adversary proceeding regarding dischargeability of its debt, on issues in addition to or beyond the scope of its pending adversary proceeding?

### B. Legal Analysis

This is an interesting case involving complex, sophisticated and difficult to understand pre-bankruptcy financial arrangements and transactions; this case appears to involve "pre-bankruptcy planning" brought to a new level. Specifically, it appears that Debtor employed a bundle of entities and transactions to transfer, convey, re-title, or perhaps, shield assets. Further, there are allegations that this case may involve improper, or illegal, pre-bankruptcy planning by Debtor with the assistance of his attorney, Mr. Fernim.

■ Avon's request for discovery is, as qualified by this opinion, proper both as to the entities to be examined and the scope of inquiry. First, Debtor and Mr. Fernim are within the scope of persons which may be subjected to Rule 2004 examinations.

> [T]he language of the rule makes it "evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy."

*Matter of Wilcher*, 56 B.R. 428, 434 (Bankr.N.D.Ill.1985) (quoting, *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D.Mass.1983)).

Both Mr. Fernim and Debtor possess personal knowledge of Debtor's complex financial affairs, and are therefore within the scope of persons who may be examined pursuant to Rule 2004. As a trustee, as transferor and transferee, and as an active agent working with the Debtor, well beyond and in addition to his role as counsel, Mr. Fernim is within the scope of Rule 2004.

Second, the areas of inquiry which Avon has listed in its Motion to Examine, recited previously, are predominantly within the proper scope of inquiry. Avon has requested authority to inquire into matters which clearly relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor," as required by Rule 2004(b).

■ Mr. Fernim bears the ultimate burden of proving that the requested examinations are improper. Once a motion to reconsider, or more technically correct, a form of motion for protective order, is filed objecting to a Rule 2004 examination, the party seeking to conduct the examination bears the burden of producing evidence that good cause exists for taking the requested discovery. *Id.* Avon has met this burden. If the examiner comes forward with such evidence, the burden of production shifts back to the party objecting to the examination, who then bears the ultimate burden of persuasion that the examination would be improper. *Id.*

In support of his argument that Rule 2004 examinations would be improper, Mr. Fernim has argued (1) that a creditor may not conduct Rule 2004 examinations, after the trustee has filed adversary proceeding(s), on issues in addition to or beyond the scope of the pending adversary proceeding(s) and (2) that a creditor may not conduct Rule 2004 examinations after the creditor has filed an adversary proceeding regarding dischargeability of its debt, on issues in addition to or beyond the scope of the pending adversary proceeding. The Court will address both of these arguments in turn.

1. May a Creditor Conduct Rule 2004 Examinations, after the Trustee has Filed Adversary Proceeding(s), on Issues in Addition to or Beyond the Scope of the Pending Adversary Proceeding(s)?

Mr. Fernim, in his Motion to Reconsider, has raised issues regarding the proper role of the trustee in bankruptcy proceedings. Specifically, Mr. Fernim has argued that

once the trustee has filed adversary proceedings, creditors may not conduct Rule 2004 examinations because such examinations are the proper responsibility of the trustee.

▪ To analyze whether, after the trustee has filed adversary proceeding(s), a party in interest, including a creditor, may conduct Rule 2004 examinations, this Court should first address the discovery limitations imposed on a trustee, once the trustee has filed adversary proceeding(s). Once the trustee has filed adversary proceeding(s), the trustee is no longer entitled to conduct Rule 2004 examinations regarding issues within the scope of the pending adversary proceeding(s). Instead, the trustee is limited to discovery procedures pursuant to the Federal Rules of Civil Procedure. *In re Blinder, Robinson & Co., Inc.,* 127 B.R. 267 (D.Colo. 1991).

▪ However, this limitation on Rule 2004 examinations only applies to entities affected by the adversary proceeding. As stated in *Blinder, Robinson,* "[e]ntities not affected by the adversary proceeding do not require the greater protections afforded under the Federal Rules, and the trustee should be permitted to examine them under Rule 2004." *Id.,* at 275. Thus, even after the trustee has commenced adversary proceeding(s), the trustee may conduct Rule 2004 examinations of entities which are not parties to or are not affected by the pending adversary proceeding(s).

▪ Additionally, the limitation does not apply to discovery by parties other than the trustee. Where a claimants' representative and the trustee have separate interests and the claimants' representative is not a party to the adversary proceedings filed by the trustee, the claimants' representative is not barred from conducting Rule 2004 examinations. *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey,* 1990 WL 123840, at p. 3, n. 3 (S.D.N.Y. 1990) (not reported in B.R.). This is true even if the issues to be raised in the Rule 2004 examination are related to the issues raised by the trustee in the adversary proceeding(s). "[P]ending litigation by others against the person sought to be examined and the possible use of rule 205 [Rule 2004] testimony in that collateral litigation, is not sufficient reason for denying examination." *In re Mantolesky,* 14 B.R. 973, 979 (Bankr. D.Mass.1981). *Accord, In re ECAM Publications, Inc.,* 131 B.R. 556, 560 (Bankr. S.D.N.Y.1991) (barring Rule 2004 examinations when there is the potential that such examination will lead to later adversary proceedings and/or that the information obtained will be used in later litigation would defeat the purpose of Rule 2004); *In re Table Talk, Inc.,* 51 B.R. 143 (Bankr.D.Mass. 1985) (Rule 2004 examinations are not precluded by the possibility of future non-"core" proceedings arising out of the same facts as those to be investigated pursuant to Rule 2004); *In re Mittco,* 44 B.R. 35 (Bankr. E.D.Wisc.1984).

▪ Based on an analysis of the case law, the Bankruptcy Code and the Bankruptcy Rules, this Court concludes that Avon is not precluded from conducting Rule 2004 examinations of the Debtor and Mr. Fernim because the Trustee has commenced adversary proceedings. As long as the examinations involve only issues which are not directly or specifically part of the Trustee's pending adversary, the inquiry is permissible. Avon may inquire into issues which are beyond the scope of the issues in the Trustee's adversary proceedings.

This Court is mindful of the potential abuse inherent in Rule 2004 discovery. Although Rule 2004 examinations have been characterized as fishing expeditions, they are not without bounds. *Wilcher, supra.* In allowing Avon to conduct Rule 2004 examinations of Debtor and Mr. Fernim, this Court is *not* approving discovery which is redundant, onerous, unnecessarily costly or unreasonably intrusive, or which usurps the Trustee's authority. This Court is reticent to open the door to Rule 2004 examinations which might be identical to or duplicative of existing discovery needs and activities of other interested parties, such as here with the Trustee. However, well-defined and carefully tailored protective orders are available to the deponent, if necessary, and if cause is shown, to ensure that interested parties do not exceed

the appropriate boundaries of Rule 2004 examinations.

2. May a Creditor Conduct Rule 2004 Examinations after the Creditor has Filed an Adversary Proceeding Regarding Dischargeability of its Debt, on Issues in Addition to or Beyond the Scope of the Pending Adversary Proceeding?

As stated above, Avon seeks authority from this Court to conduct Rule 2004 examinations of Mr. Fernim and Debtor after it has filed its Section 523 proceeding. Mr. Fernim argues that Avon is precluded from conducting Rule 2004 examinations because Avon has commenced the adversary proceeding. Mr. Fernim argues that the existing adversary proceeding exhausts Avon's rights to pursue litigation against the Debtor in this case.

The Court believes, however, that in addition to the right to commence an adversary proceeding to determine dischargeability, the Bankruptcy Code provides significant other or supplemental rights to creditors. Indeed, while some of these rights may, and sometimes must, be pursued by the trustee on behalf of the estate, the creditors do not have to rely solely and exclusively on the efforts of the trustee. For example, 11 U.S.C. § 503 provides for compensation to creditors who recover assets for the estate. *See e.g., In re Lister,* 846 F.2d 55 (10th Cir.1988) (compensation appropriate where there is an actual and demonstrable benefit to the estate); *In re Ace Tile Co., Inc.,* Case No. 89–B–08979–A, (Bankr.D.Colo. March 1, 1994); *In re 9085 East Mineral Office Building, Ltd.,* 119 B.R. 246 (Bankr.D.Colo.1990) (creditors whose actions lead to demonstrated benefits to the estate may be awarded compensation, on a case-by-case basis); *In re Standard Metals Corp.,* 105 B.R. 625 (Bankr.D.Colo.1989). So too, if a trustee refuses, fails, or is unable to pursue certain claims, the creditors may do so, with the permission of the Court. *See, In the Matter of Ira Haupt & Co. (Henry Ans-*

*bacher & Co. v. Klebanow),* 362 F.2d 569 (2d Cir.1966). Contrary to Mr. Fernim's assertions, Avon, as a creditor, is not limited in its effort to recover assets for the estate to its right to file an adversary proceeding, especially when the Trustee does not have the resources or ability to actively pursue all aspects of this case [4].

■ As referenced earlier, this Court recognizes that there are, and must be, certain limitations on the scope of Avon's discovery, just as there are limitations on the scope of discovery conducted by the Trustee. *Blinder, Robinson, supra,* cited by both Mr. Fernim and Avon, defines some of the limitations on a trustee after the trustee has filed an adversary proceeding. Furthermore, this Court believes that this reasoning logically extends to creditors. Thus, a creditor who has commenced an adversary proceeding should be limited to discovery, in that proceeding, pursuant to the Federal Rules of Civil Procedure as to: (1) entities affected by the pending adversary proceeding(s) and (2) issues addressed in its pending adversary proceeding(s). Additionally, however, a creditor *may* conduct Rule 2004 examinations regarding issues in addition to or beyond the scope of its pending adversary proceeding(s), or the trustee's pending adversary proceeding(s).

Thus, Mr. Fernim's argument that Avon is not entitled to conduct Rule 2004 examinations because Avon has already commenced an adversary proceeding to determine the dischargeability of its debt, is without merit. Based on an analysis of the case law, the Bankruptcy Code, and the Bankruptcy Rules, this Court concludes that Avon is entitled to conduct Rule 2004 examinations of Debtor and Mr. Fernim regarding issues in addition to or beyond the scope of the pending adversary proceeding(s) or regarding related issues.

### IV. ORDER

ACCORDINGLY, THIS COURT ORDERS that Mr. Fernim's Motion to Recon-

---

**4.** In this case, the Trustee has filed two adversary proceedings to pursue potential assets of the Estate. However, the Trustee has been hindered by a lack of resources. The Estate does not have a source of funds from which the Trustee may fund the necessary expenses of litigation. To date, the Trustee has not conducted a deposition or a Rule 2004 examination of Mr. Fernim.

sider and Vacate Order Pursuant to F.R.B.P. 2004, filed on June 21, 1994, is DENIED. This Court hereby confirms its orders approving the Rule 2004 examinations.