In re Joseph SZADKOWSKI, Jacqueline Szadkowski, Debtors.

Rodney R. SWEETLAND, III, Plaintiff,

v.

Joseph SZADKOWSKI, Jacqueline Szadkowski, Defendants.

Bankruptcy No. 96–1–0895–DK.
Adversary No. 96–1A–181–DK.

United States Bankruptcy Court,
D. Maryland.

July 9, 1996.

Christopher A. Sterbenz, Washington, DC, for plaintiff.

Leslie Silverman, Bethesda, MD, for defendants.

### MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

Plaintiff Rodney R. Sweetland, III commenced this adversary proceeding by filing a complaint against the Debtors to determine the dischargeability of certain debts pursuant to § 523(a)(6) of the Bankruptcy Code. Presently before the court is Plaintiff's Motion for Rule 2004 Examinations of the Debtors (the "Motion").

■ Federal Rule of Bankruptcy Procedure 2004 authorizes the court, upon the motion of a party in interest, to order the examination of any entity. Fed.R.Bankr.P. 2004(a). The scope of a Rule 2004 examination in a Chapter 7 case is set forth in subsection (b) of the Rule, which provides, *inter alia,* as follows:

> The examination of an entity under this rule ... may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Fed.R.Bankr.P. 2004(b). Plaintiff asks this Court to issue an order requiring the Debtors to submit to an examination into each of these matters.

■ Plaintiff's Motion for a Rule 2004 examination of the Debtors, as filed in the context of an adversary proceeding, is improper. Upon filing the Complaint, Plaintiff commenced an adversary proceeding governed by Part VII of the Federal Rules of Bankruptcy Procedure. Fed.R.Bankr.P. 7001. Bankruptcy Rules 7026–7037 specifically adopt the discovery provisions of the Federal Rules of Civil Procedure, and it is these rules which Plaintiff must employ in

order to obtain discovery in this adversary proceeding. *See Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co.),* 127 B.R. 267, 274–75 (D.Colo.1991); *First Financial Savings Assoc. v. Kipp (In re Kipp),* 86 B.R. 490, 491 (Bankr.W.D.Tex. 1988); *see also Matter of M4 Enters., Inc.,* 190 B.R. 471, 475 (Bankr.N.D.Ga.1995). This principle also applies to contested matters under Federal Rule of Bankruptcy Procedure 9014. *See M4 Enters., Inc.,* 190 B.R. at 475; *Blinder, Robinson & Co.,* 127 B.R. at 275; *In re French,* 145 B.R. 991, 992–93 (Bankr.D.S.D.1992); *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 711–12 (Bankr.S.D.N.Y.1991); *In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr. S.D.N.Y.1991); *In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674–75 (Bankr.E.D.Pa. 1990); 8 Lawrence P. King, *Collier on Bankruptcy,* ¶ 2004.03[1] at 2004–6 (15th ed. 1996).[1]

■ Discovery under Rule 2004 serves a far different purpose than discovery propounded under the Federal Rules of Civil Procedure. A Rule 2004 examination allows a broad "fishing expedition" into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate. *See M4 Enters., Inc.,* 190 B.R. at 474; *Ecam Publications, Inc.,* 131 B.R. at 559. This is what is contemplated in the Rule 2004(b) provision that an examination may be made as to "the debtor's right to a discharge." Thus, discovery under Rule 2004 may be properly employed as a prelitigation device for assessing whether grounds exist to commence an action to determine the dischargeability of a debt or the debtor's right to a discharge. *See In re Dinubilo,* 177 B.R. 932, 941 (E.D.Cal.1993). Once an adversary proceeding has commenced, however, discovery may be had only pursuant to the discovery provisions of the Federal Rules of Civil Procedure.

1. The discovery provisions of the Federal Rules of Civil Procedure (with the exception of Rule 27) apply in contested matters "unless the court otherwise directs". Fed.R.Bankr.P. 9014. Accordingly, the Court *may,* in its discretion, order that discovery in a contested matter be conducted pursuant to Rule 2004 rather than pursuant to

the Federal Rules of Civil Procedure. Nonetheless, the Court finds that as to discovery in contested matters, "the Federal Rules of Civil Procedure offer the preferable default...." *Matter of M4 Enters., Inc.,* 190 B.R. 471, 475 (Bankr. N.D.Ga.1995).

The Court will not allow litigants to utilize Rule 2004 as a substitute for discovery under the Federal Rules of Civil Procedure, especially where to do so would compromise the rights of parties subject to discovery requests. *See In re French,* 145 B.R. 991, 992–93 (Bankr.D.S.D.1992); *First Financial Savings Assoc. v. Kipp (In re Kipp),* 86 B.R. 490, 491 (Bankr.W.D.Tex.1988).

This is not to say that an order authorizing a Rule 2004 examination can never be obtained while an adversary proceeding or contested matter is pending. If otherwise proper under the circumstances, a discovery request made pursuant to Rule 2004 for the purpose of examining an entity or obtaining information that is unrelated to a pending adversary proceeding or contested matter is not automatically precluded. *See In re Buick,* 174 B.R. 299, 305 (Bankr.D.Colo.1994). Rather, this court holds that once an adversary proceeding or contested matter has been commenced, the discovery of matters related to that adversary proceeding or contested matter must proceed in accordance with the discovery provisions of the Federal Rules of Civil Procedure.

An order shall be entered in accordance with the foregoing.